JULIUS KAUFFMAN V. THOMAS T. BEASLEY.

(Case No. 1186.)

1. COTTON FACTORS AND COMMISSION MERCHANTS.— Cotton factors and general commission merchants in Galveston have no authority, as such, by law, or by usage and custom, to deal with cotton consigned to them, otherwise than by its sale in Galveston for cash, except under instructions from the owner.

2. SAME.— Such cotton factor or general commission merchant having cotton of another for sale, cannot sell it on credit, barter it, entrust its sale to a sub-agent, pledge it as a security for advances to himself, ship it to a foreign market, or deal with it in any manner for his own, instead of his principal's, benefit.

3. NOTICE — BURTHEN OF PROOF.— Persons dealing with such factor concerning goods entrusted to him are charged with notice of the extent and limitations upon his power; and when the question of the extent of his authority over the goods is the subject of inquiry, the burthen of proving the factor's authority is not upon the original owner of the goods, but upon the party dealing with the factor.

4. SAME — FORWARDING AND SHIPPING MERCHANT — DEMAND.— A forwarding and shipping merchant, who, without authority from the owner of cotton, makes advances on it, and ships it to be sold for account of, and the proceeds to be returned to the factor and commission merchant from whom he receives it, is guilty of the conversion of the cotton, and subjects himself to an action for its value, even though he has no personal interest in the transaction, but was acting in the interest of and for the benefit of others.   In such a case, a demand on the forwarding and shipping merchant before suit is unnecessary.

APPEAL from Galveston.   Tried below before the Hon. Wm. H. Stewart.

Suit by Beasley, the appellee, against the appellant, Kauffman, and Duble & Wooters, cotton and wool factors and general commission merchants, to recover forty bales of cotton, or their value, shipped to his factors, Duble & Wooters, to sell in the city of Galveston, and to recover and account for the proceeds to him.   Plaintiff charged that his said factors, unlawfully and fraudulently combining with Kauffman, delivered to him the cotton in controversy; that Duble & Wooters did not sell the cotton to Kauffman, nor deliver it to him by virtue of any authority vested in them by Beasley, or by law; that so soon as he was informed of the conversion he gave notice to Kauffman, and demanded the cotton, and that he refused to deliver or account for it.   Prayer for judgment and damages.

Defendants Duble & Wooters made neither appearance nor answer.

Defendant Kauffman pleaded the general issue, and then by special pleas that he was a forwarding and shipping merchant, and as such he received the cotton from Duble & Wooters, who were mercantile partners, cotton and wool factors, and general commission merchants, buying, selling and shipping cotton on their own account, and buying and shipping cotton upon orders from spinners and others; that the cotton was received from Duble & Wooters to be shipped to Melley, Forget & Co., Liverpool, England, to be sold for account of, and the proceeds to be returned to, Duble & Wooters; that appellant had no control over the cotton except as shipping merchants; that it was shipped to Liverpool long before Beasley claimed it; and that until after the cotton was shipped and beyond his control, he never heard of any owner to the cotton save Duble & Wooters.

Appellant pleaded also that if Beasley had shipped the

cotton to Duble & Wooters as his factors, it was for the purpose of being sold in Galveston or shipped to a foreign port, as might be best for the interests of Beasley, according to the usual course of business at the port of Galveston; and that in accordance with such usage, the cotton was shipped by Duble & Wooters to Melley, Forget & Co., through Kauffman as shipping merchant, who knew no owner save Duble & Wooters, who were clothed by Beasley with all the indicia of ownership.

Appellant pleaded also, that on account of advances made by Melley, Forget & Co., for freights, labor and drayage, and $3,000 cash, through appellant, who was their agent, they had a lien on the proceeds of the cotton for the sum so advanced to Duble & Wooters, who claimed to be the owners, etc.; that the cotton was shipped December, 1873.

Trial and verdict for $3,610.50 against Kauffman. Motion by him for a new trial overruled.

*Waul & Walker*, for appellant.

I. Notice upon which it is sought to obtain the delivery of property or to make a party liable for withholding it, should so describe it and its owner that the party in possession would know what property was demanded; and if one professing to be an agent makes the demand, he should exhibit his authority to make such demand and to receive the property.

II. A usage of trade to be binding should be established, certain, reasonable, and known to those engaged in the particular trade at the place of the usage. The charge defines usage of trade as a custom not only generally well established, but also generally well known in the community. 2 Greenl. on Ev., secs. 251, 252; Dunlap's Paley on Agency, pp. 5, n. a, 272; Goodenow *v.* Tyler, 7 Mass., 46; Sutton *v.* Tatham, 10 Ad. & Ell., 21.

III. It is a reasonable and legal presumption that every

man knows the usage of the place in which he traffics, whether by himself or his factor, and if the usage is not illegal, he will be bound by it. Goodenow *v.* Tyler, 7 Mass., 46; Harbert *v.* Neill, 49 Tex., 143; Neill *v.* Billingsley, 49 Tex., 161; Wharton on Agency, sec. 134; Story on Agency, sec. 437; Snowden *v.* Warder, 3 Rawle, 101; Robinson *v.* United States, 13 Wall., 363; Walls *v.* Bailey, 49 N. Y., 464.

IV. A factor under the law-merchant is a general agent to sell as may be for the best interest of his principal; and the sale is not by the law-merchant confined to the place or to the person to whom the produce is shipped, unless specially instructed. McMorris *v.* Simpson, 21 Wend., 610; Toland *v.* Murray, 18 Johns., 25; S. C., 3 Johns. Ch., 569.

V. The presumption of agency, which arises from the possession of cotton held by one who is a factor and nothing else, is removed when he is engaged in other occupations, and particularly of such as are antagonistic and in the same line of business; such as a purchaser for himself and others, a shipper for himself and others. And a person entrusting such a one with his property, giving him the control and power of disposition and the indicia of ownership by which an innocent party is deceived, should himself be the loser. [Counsel argued at length from the evidence that the facts justified the application of the principle.] Hutchings *v.* Bouis, 6 Cal., 382; Morris *v.* Sellers, 46 Tex., 391; Story on Agency, secs. 110, 227, 390, 437; Cal. St. Boat Co. *v.* Van Pelt, 2 Black (U. S.), 372; Meaher *v.* Lufkin, 6 Tex., 488; George *v.* Clagett, 7 Term R., 359; Rabone *v.* Williams, 7 Term R., 360.

VI. Although a factor is bound by the instructions of his principal, and may not have authority to dispose of the goods entrusted to him otherwise than by sale at the place where received, unless authorized, yet, if the factor unites other occupations in the same line antago-

nistic thereto — strangers can only look to the acts of the parties with whom they deal, the avowal of ownership, and the indicia of property, and the usage of trade as established — and if the disposition of the property is in accordance therewith, the presumption is that the apparent owner is the real owner.   Lime Rock Bank v. Plimpton, 17 Pick., 159; Laussat v. Lippincott, 6 Serg. & R., 386; 2 Kent, 232; Story on Agency, sec. 390; Pickering v. Bush, 15 East, 43; Bowie & Sons v. Napier, 1 McCord, 1.

VII.  When facts are controverted by the evidence, it is an error for the court to give any instructions which assume that such facts are proved, or to give undue prominence to a few facts selected from the aggregation of testimony, although upon the fact assumed or selected, the law is stated correctly.   Such instructions are calculated to mislead the jury.   Strong v. United States, 6 Wall., 788; H. & Tex. Cen. R. R. Co. v. Nixon, 52 Tex., 19; Gray v. Burke, 19 Tex., 232; Preston v. Keys, 23 Cal., 193; R. R. Co. v. Snyder, 24 Ohio, 678; Hatch v. Garza, 22 Tex., 176; Luman v. Karr, 4 Greene (Iowa), 159; Meyer v. R. R. Co., 40 Mo., 151; Bergen v. Riggs, 34 Ill., 170; Williams v. Woods, 16 Md., 220; Ellis v. Matthews, 19 Tex., 390.

VIII.  If the defendant, Julius Kauffman, had no possession, actual or constructive, at the time of the demand and refusal, and there has been personally no tortious taking or withholding, he is not liable in this action.   2 Hilliard on Torts, pp. 28, 243, 264; 2 Greenl. on Ev., secs. 642–644; Wharton on Agency, sec. 414; Knapp v. Winchester, 11 Vt.; Andrews v. Shattuck, 32 Barb., 369.

*George Mason*, for appellee.

MOORE, CHIEF JUSTICE.— It is, we think, well settled that cotton factors and general commission merchants in

Galveston, such as Duble & Wooters, had no authority as such by law, or by any usage or custom of trade shown in the record, to deal with cotton consigned to them, otherwise than by its sale for cash in Galveston. They had no authority to sell upon credit cotton of their principals, entrusted to them for sale, or to dispose of it in the way of barter, or to entrust its sale to others, or to pledge it as a security for an advance of money to themselves, or to ship it to a foreign market, or to deal with it in any way for their own instead of their principal's benefit. Persons dealing with factors concerning goods entrusted to them are charged with notice of the extent and limitations upon their powers. And if they deal with them as if they were acting for themselves, or as if they were dealing with their own property, such persons do so at their peril that such is the fact, or that the factor has special authority from the owner, or that by the well established and recognized usage and customs of trade in that line, the factor is authorized to deal with and dispose of the goods in the manner proposed. If the transaction is brought in question by the owner of the goods, the burthen of proving the factor's authority is upon the party dealing with them.

Applying these well established principles of law to the facts in this case, the judgment of the district court is obviously correct. The plaintiff Beasley's title to the cotton was fully proved. Indeed it was not controverted or disputed that Kauffman, by the advance which he made to Duble & Wooters upon the cotton, acquired no interest in it, or right to the possession or control of it for himself, or as the agent and representative of Melley, Forget & Co., on whose behalf he claims to have acted. Had the cotton remained in his possession in Galveston, and he had refused to surrender it to Beasley when demanded, he would without doubt have been liable to an action for its value. He is charged by law with knowledge that by

the advance made to Duble & Wooters he obtained the wrongful possession of Beasley's property. And when he made use of this wrongful possession by shipping it to a foreign market to be sold by Melley, Forget & Co. for the payment of the money for which it had been thus wrongfully pledged, thus placing it out of his power to restore it to the owner, he was guilty of its conversion, and subjected himself to an action for its value, even though he had no personal interest in the transaction, but was acting in the interest and for the benefit of others.

As Kauffman was liable for a conversion of the cotton, its demand was unnecessary to the maintenance of the suit. If the court erred in overruling the objection to the proof of the demand, it was therefore a matter of no moment, and in no way affected the proper decision of the case. We are of opinion, however, if proof of demand were essential, the ruling of the court was correct. Although the demand did not describe Beasley's cotton by its marks, brands, numbers of bales, etc., as it was for all of the cotton wrongfully gotten from Duble by Kauffman, as security for the advance made him, if Kauffman still held the cotton and wished to surrender it, it was fully sufficient to have enabled him to identify the cotton for which it was made. No doubt it would have been better that the demand should have been more full and exact in its description of this cotton, had it been possible. But considering the circumstances under which it was made, we think it was sufficient for the purpose for which it was intended.

The charge of the court, as to proof of usage of trade to become binding, which was objected to by appellant, is certainly not very full, and may not be in every particular literally accurate. But taken as a whole, we do not think it could have misled the jury, or was calculated to have induced an erroneous verdict. If the charge had been understood by the jury, as appellant contends it was, or

had it been given, as he insists it should have been, the verdict on the evidence should have been the same as that found by the jury.

The court, it is believed, did not err in refusing to give the instruction asked by appellant Kauffman. Those instructions are broader than the evidence justifies, and hence not the law of the case, and were calculated to mislead the jury. The evidence does not show that Duble & Wooters were openly and avowedly engaged in the business of buying and selling cotton on their own account, or were engaged in some other business while holding themselves out to the public as cotton factors, which justified the inference that the cotton of appellee on which they were negotiating an advance from appellant, was in fact their own property.

A number of other questions are presented by the assignments of error which have been ably discussed by counsel, but which we do not deem it necessary to protract this opinion for the purpose of discussing in detail. In the main their determination should be controlled by the principles of law already adverted to. A review of the whole case leads us to the conclusion that the judgment is not only warranted but demanded by the entire evidence, and by the law as well as sound usage and customs of trade prevailing at the date of the transaction in the port of Galveston.

And it is therefore affirmed.

AFFIRMED.

Associate Justice GOULD did not sit in this case.

[Opinion delivered March 28, 1881.]