McGRAFT and another vs. RUGEE, Sheriff, etc., and another.

*April 9 — May 15, 1884.*

*Lien of factor: General balance of accounts: Presumptions: Execution.*

1. A factor has no lien upon the goods of his principal when the gen-
   eral balance of account is against him; and in such case advances
   made by the factor in the business will be deemed to have been
   made in liquidation of his indebtedness *pro tanto.*
2. The burden of showing that a general balance against a factor is due
   to losses for which he is not responsible, is upon the party assert-
   ing it, and it will not be presumed merely from the fact that the
   principal, after commencing an action to recover goods seized by
   the creditors of the factor, turns over to the factor the outstand-
   ing credits and accounts of the business.
   [3. Whether, when a general balance is due the factor, an execution
   against him can be levied upon the property of the principal upon
   which he has a lien, is not determined.]

APPEAL from the Circuit Court for *Milwaukee* County.
The case is thus stated by Mr. Justice CASSODAY:

" This is an action of replevin, commenced March 9, 1882,
for a stock of lumber, lath, etc., which was held by Seyfried
& Schieffer, as factors of the plaintiffs. The defendants
justified under two executions against Seyfried & Schieffer.

The cause, being at issue, was, on motion of the defendants, referred to Hugh Ryan, Esq., a court commissioner, to hear, try, and determine, January 17, 1882. After hearing and trial, the referee made and filed his report, December 5, 1882. The defendants took no exception to the report, but moved to confirm the same. The plaintiffs made and filed exceptions to certain of the findings of fact and the conclusions of law. On the hearing of the motion to confirm and the exceptions thereto, the circuit court, May 8, 1883, ordered that the report be modified, so as to find as facts, in effect:

"1. That the plaintiffs resided in Michigan and were, during the times in question, copartners, doing business as such at Milwaukee, under the firm name of Milwaukee Lumber Company, and were the general owners of the property described in the complaint.

"2. That, at the time of the levy of the executions upon the property by the sheriff, the same was in the actual possession of Seyfried & Schieffer, doing business at Milwaukee under that firm name, as factors of the plaintiffs, to sell and buy lumber, shingles, lath, etc., for them upon a commission to consist of the net profits of such business, and that said Seyfried & Schieffer then had possession of said personal property as such factors, and not otherwise. The facts stated in this paragraph were found by the referee, and neither party took any exception to the same.

"3. That prior to and at the time of the levy, Seyfried & Schieffer were largely indebted to the plaintiffs upon the general account of their business, as factors as aforesaid, after crediting them with all advances made by them, or either of them, in the course of said business.

"4. That March 3, 1881, the defendant *Schlosser* recovered two several judgments against Seyfried & Schieffer, one for $1,037.11 and the other for $1,539.67, each of which was on that day docketed, and remained of record and unsatisfied; and that, by virtue of executions issued thereon, the sheriff

had levied upon the property in question as the property of Seyfried & Schieffer, and held the same by virtue of such levy at the time of the commencement of this action.

" 5. That said property was replevied in this action from the sheriff while he held the same under the color of said levy, and that its value was $3,683, for which amount it was sold by the plaintiffs after it had been so replevied by them.

" The report of the referee was further modified by the court so as to find, as conclusions of law upon the facts found, in effect:

" 1. That, at the time of the levy of the executions, the property was held by Seyfried & Schieffer as factors of the plaintiffs, and not otherwise; and that said factors then had no lien upon said property, and that the same was not liable to be seized for their debts.

" 2. That the taking and detention of said property by the sheriff was not justified by the executions, and was wrongful as against the plaintiffs.

" 3. That the plaintiffs were entitled to judgment for the possession of the property, and for nominal damages for the wrongful taking and detention of the same, and the costs of the action."

A motion by the defendants for judgment was overruled, and from a judgment entered in accordance with the findings and conclusions they appealed.

For the appellants there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones,* and oral argument by *Mr. Cotzhausen.* To the point that the interest of the factors was subject to seizure for their debts, they cited: *Price v. Wis. M. & F. Ins. Co.,* 43 Wis., 277; *Nash v. Mosher,* 19 Wend., 431; *Cook v. Kelly,* 9 Bos., 358; *Wilson v. Mallett,* 4 Sandf., 112; *Warner v. Martin,* 11 How., 224; *Saul v. Kruger,* 9 How. Pr., 569; *Van Antwerp v. Newman,* 2 Cow., 543; *Hurd v. West,* 7 id., 752; *Otis v. Wood,* 3 Wend., 500; Crocker on Sheriffs, secs. 214, 461–2; Binmore on Sheriffs, 101, 110–126;

McGraft and another vs. Rugee, Sheriff, etc., and another.

*Arzbacher v. Mayer*, 53 Wis., 389; *Storm v. Cotzhausen*, 38 id., 139.

For the respondents there were separate briefs by *Johnson, Rietbrock & Halsey* and *L. N. Keating*, and the cause was argued orally by *Mr. Johnson* and *Mr. Keating*. To the point that if the factors had a lien it was not liable to seizure on execution, they cited: 3 Parsons on Con., 234; *Mosse v. Townsend*, 1 Bulst., 207; *Meany v. Head*, 1 Mason, 319; *Holly v. Huggeford*, 8 Pick., 73; *Jones v. Sinclair*, 2 N. H., 321; *Daubigny v. Duval*, 5 Term, 606; *Caldwell v. Lawrence*, 10 Wis., 331; *Tewksbury v. Bronson*, 48 id., 581; *Easton v. Clark*, 35 N. Y., 225; *U. S. v. Villalonga*, 23 Wall., 36.

CASSODAY, J. An agent employed to sell, or to purchase and sell, goods or other personal property intrusted to his possession, by or for his principal, for a compensation, commonly called factorage or commission, may properly be regarded as a factor. Story on Agency, §§ 33–34a; Edwards on Factors, § 1; Wharton on Agency, § 735. Here the duties, powers, and compensation of the factors, and their relation to their principals, were originally regulated by agreement. True, there were some departures after the business had continued for a while, but there is nothing to indicate any change as to the title of the property, or the measure or source of compensation. Undoubtedly, a factor is entitled to retain goods in his possession as such until his advances, expenses, and commissions are paid, and this right is not limited to charges on the particular consignment of goods, but covers a general balance on the accounts between the factor and the principal, so far as concerns the business of factorage. Wharton on Agency, § 767; Edwards on Factors, §§ 71, 72; Story on Agency, § 376; *Matthews v. Menedger*, 2 McLean, 145; *Bryce v. Brooks*, 26 Wend., 374; *Kruger v. Wilcox*, 1 Ambler, 252; *Jordan v. James*, 5 Ohio,

99; *Weed v. Adams*, 37 Conn., 378. The statute of this state in this respect would seem to be in confirmation of the common law. R. S., sec. 3345.

But where the general balance on the accounts of the factorage is largely against the factor and in favor of the principal, the former can have no lien upon the property in his possession, for he has no enforceable claim. *Godfrey v. Furzo*, 3 P. Wms., 185; *Zinck v. Walker*, 2 W. Bl., 1154; *Hollingworth v. Tooke*, 2 H. Bl., 501; *Walker v. Birch*, 6 Term, 258; *Weed v. Adams, supra; Jordan v. James, supra; Enoch v. Wehrkamp*, 3 Bosw., 398; *Beebe v. Mead*, 33 N. Y., 587. In such case the factor's right of retention and sale is merely to reimburse himself for the balance his due on the general account of the factorage. *Brown v. M'Gran*, 14 Pet., 479; Overton on Liens, § 105. Neither can a factor who is indebted to his principal on account of previous sales, acquire a particular lien upon goods subsequently sent to him for sale, for expenses incurred on account of them, unless such expenses exceed the amount of his indebtedness. Edwards on Factors, § 72; *Enoch v. Wehrkamp, supra*. The lien of an agent and factor on the goods of his principal for specific expenses does not exist when the general balance of account is against him. *Ibid*. We must therefore hold that where a factor is largely indebted to his principal on account of the factorage, and thereupon voluntarily makes advances in the business not exceeding such indebtedness, such advances, being made for and in behalf of his principal, must be deemed to have been so made by the factor in liquidation of his own indebtedness *pro tanto*.

Here, by special agreement, the commissions of the factors were limited to the net profits of the business. There is, however, nothing to indicate that there were any such profits, but the reverse. The court, moreover, found that, at the time of the levy, the factors were largely indebted to the plaintiffs upon the general account of their business

as factors, after crediting them with all advances made by them or either of them in the business. We cannot, upon the evidence, disturb this finding. The fact stands confessed, that the general balance against the factors and in favor of the plaintiffs was upwards of $26,000. We are asked to assume that this wide discrepancy was owing to losses for which the factors were in no way at fault, and hence in no way responsible, merely because the plaintiffs, after the commencement of this action, turned over to the factors the outstanding credits and accounts of the business, amounting, it is said, to $2,500. The true value of such credits and accounts does not appear, but assuming that they were worth what is claimed, yet that fact is insufficient to change the character of the general balance against the factors. If this large balance against the factors was owing to losses for which they were not responsible, but which should have fallen upon the plaintiffs, then the burden of proving such facts was upon the defendants. They have failed to make such proof, and we are not at liberty to supply it by mere inferences, and remote at that.

Had the evidence shown a general balance due the factors, still it would have been a grave question whether it could have been reached by an execution against the factors being levied upon the lumber, shingles, lath, etc., in their possession as such factors. Wharton on Agency, § 757, and cases there cited; *U. S. v. Villalonga*, 23 Wall., 42; *Jordan v. James*, 5 Ohio, 99. These authorities, in effect, hold that the factor's right, although sometimes called a special property, yet is never regarded as a general ownership. It is liable to be defeated at any time by the principal paying advances made and liabilities incurred, and reclaiming possession of the property. The factor's right, at most, is nothing more than the ownership of a debt secured by a lien or charge upon the property in his possession. It would seem, therefore, that such debt can, at least, be more appropriately

reached by some other process. But it is unnecessary here to determine the question, and hence we reserve it for future consideration.

*By the Court.*— The judgment of the circuit court is affirmed.