## J. C. WOOTTERS ET AL. V. KAUFMAN & RUNGE.

### No. 2503.

1. **Cotton Factors—Their Powers and Duties.**—It is settled in this State that cotton factors have no authority as such by law, or in the absence of direct or special instructions from the consignor, to deal with cotton consigned to them in any way for their own benefit, nor can they ship it to a foreign market for sale.

2. **Same—Custom.**—It having been shown that the custom of cotton factors in the city of Galveston was to sell in the Galveston market, it was incompetent to allow on cross-examination a single witness to testify that in times of financial straits some factors shipped cotton for sale to foreign markets.

3. **Cases Followed.**—Kaufman v. Beasley, 54 Texas, 567; and Wootters v. Kaufman, 67 Texas, 488, adhered to.

4. **Charge—Issues Made by Testimony.**—It is error to submit a material issue made in the pleadings upon which there is no testimony; that is, where there is no testimony to support a plea it should not be submitted to the jury.

5. **Same.**—See testimony held not to support a plea that factors had special authority to sell and use cotton shipped by a customer as their own.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart.

This appeal presents another phase in the litigation following the failure of Duble & Wootters in the city of Galveston. The subject has been before this court in 54 Texas and in 67 Texas, cases referred to in the opinion. No statement is necessary.

*George Mason* and *D. A. Nunn*, for appellants. — 1. The error of the court was in admitting over valid objections properly urged illegal and improper testimony well calculated to mislead and confuse the jury, and which necessarily had such effect. It was the right of plaintiff to demand of defendants' attorney an explanation of the objects of the testimony sought, and it was error in the court to protect the defendants' attorney in refusal to explain. The scope and bearing of the testimony here objected to was to impress upon the jury the idea and belief that the scarcity of money in the city of Galveston or the dullness of the cotton market at a given time would have the effect to abrogate a general custom of the cotton trade if certain individual factors should, under

such circumstances, choose to regard it an excuse for shipping abroad, which is believed to be contrary to the repeated decisions of this court.

The presiding judge in signing and approving the bill of exceptions to the admission of the testimony makes the qualifications:

(1) That witnesses were called by plaintiff and were then under cross-examination.

(2) That defendants' counsel declined to state the object of question because other witnesses of the plaintiff were present.

(3) That "the court held and so distinctly stated to the counsel and jury that the evidence was inadmissible so far as establishing any custom of any kind, but that the question and answer might be relevant to other issues in the progress of the cause," but what other issue is not shown, nor does the record disclose any such to justify the ruling. Kaufman v. Beasley, 54 Texas, 567; Wootters v. Kaufman, 67 Texas, 488; Hudson v. Wells & Bro., 65 Texas, 702.

2. It is error for the court to charge and instruct the jury upon any hypothesis not justified by the evidence, for it is well calculated to cause the jury to suppose that evidence exists when such charge is given, and to be thus misled by such charge. Loving v. Dixon, 56 Texas, 79; H. & T. C. Ry. Co. v. Terry, 42 Texas, 451; Markham v. Carothers, 47 Texas, 21; Love v. Wyatt, 19 Texas, 313; Altgelt v. Brister, 57 Texas, 432; Blanton v. Mayes, 58 Texas, 422; Mo. Pac. Ry. Co. v. Lyde, 57 Texas, 505; Belcher v. Fox, 60 Texas, 527; Cook v. Dennis, 61 Texas, 246; Franklin v. Tiernan, 62 Texas, 92; H. & T. C. Ry. Co. v. Rider, 62 Texas, 267; G. C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 344; Austin v. Talk, 20 Texas, 167; Yarborough v. Tate, 14 Texas, 483; Earl v. Thomas, 14 Texas, 583; Box v. Word, 65 Texas, 159; Hollingsworth v. Holshausen, 17 Texas, 47; Andrews v. Smithwick, 20 Texas, 118; Hampton v. Dean, 4 Texas, 455; McGrael v. Wilson, 9 Texas, 429; Lee v. Hamilton, 12 Texas, 419.

The defendants' plea was insufficient to authorize such charge. Mims v. Mitchell, 1 Texas, 443; Guess v. Lubbock, 5 Texas, 535; Lewin v. Houston, 8 Texas, 94.

3. The court erred in overruling the plaintiff's motion for new trial because the verdict of the jury was contrary to the law, and was unsupported by and contrary to the evidence, and was contrary to the instructions and charges of the court, as shown in said motion, and because of the errors committed by the court as hereinbefore set out. Green v. Hill, 4 Texas, 468; Baker v. Cook, 13 Texas, 81; G. H. & S. A. R. R. Co. v. Bracken, 59 Texas, 76: Pilcher v. Kirk, 60 Texas, 163; H. & T. C. Ry. Co. v. Schmidt, 61 Texas, 285–6; Woodson v. Collins, 56 Texas, 168; Randall v. Collins, 58 Texas, 231; Mo. Pac. Ry. Co. v. Christman, 65 Texas, 369; Kaufman v. Beasley, 54 Texas, 567; Ragland v. Wisrock, 61 Texas, 394; Railways v. Kindred, 57 Texas, 503.

*Waul & Walker*, for appellees. — 1. Upon cross-examination it is the right of counsel to inquire of the witness and endeavor to ascertain his means of knowledge, his motives, memory, prejudices, and all matters tending to show the weight and value of his testimony before the jury, and the disclosure of the intention of the examiner in the presence of the witness is properly left to the discretion of the trial court, as its avowal would defeat the object of a cross-examination, which is considered the most efficacious test which the law has devised for the discovery of truth.

The scope and bearing of the testimony elicited by the cross-examination was to show a state of facts confirmed by other evidence tending to prove that their existence furnished a cause for the plaintiff to give the absolute control of the cotton in controversy to Duble & Wootters to relieve their embarrassments.

The matters contained in the propositions of appellants and the counter-propositions of appellees under these assignments are elementary.  1 Greenl. on Ev., secs. 431–449.

2.  The charge of the court and the verdict of the jury were fully sustained by the evidence in the cause, as it shows that the plaintiff authorized Duble & Wootters to use the cotton so as to relieve them from their embarrassment in such manner as they might deem necessary.  Morris v. Sellers, 46 Texas, 391.

HOBBY, JUDGE.—The plaintiff J. C. Wootters, a customer in the interior of the State, shipped to Duble & Wootters, cotton factors in the city of Galveston, about 135 bales of cotton, with instructions that the same should be sold for his benefit in the market of the city of Galveston, and was not to be shipped abroad for sale.   In consideration of advances made to these factors by the defendants Kaufman & Runge, shipping merchants in said city and agents of Melley, Forget & Co., they delivered said cotton to the defendants, who shipped the same to M., F. & Co., a Liverpool firm, receiving the usual commission therefor.   Duble & Wootters failed, and not accounting to plaintiff the latter sued Kaufman & Runge for the value of the cotton so shipped by them to Melley, Forget & Co.

Upon a trial of the cause judgment was rendered for the defendants. The issues which appear to have controlled the case and defeated a recovery are as follows:

1.   That although it was shown and not denied by defendants that it was the general custom for cotton factors to sell the cotton of their customers in the city, and not to ship it to a foreign point for sale, an exception or right of departure from this custom could be shown by evidence of one witness that some factors shipped to a foreign point when

satisfactory prices could not be obtained in this market owing to a financial pressure.

2. That plaintiff in his dealings with and shipment to Duble & Wootters authorized them to dispose of the cotton as their own and use it as they pleased. The admission of the evidence referred to in the first proposition, and the charge of the court as claimed without any evidence upon the second, are the material errors assigned.

It was shown by the testimony of the witness Runge, as also by that of all of the witnesses testifying upon this question, that it was the general custom in the absence of instructions otherwise among the factors in the city of Galveston to sell cotton consigned to them in that market only. He was then asked upon cross-examination by defendants, "What was the rule when satisfactory prices could not be obtained?" His answer was, "That firms handling the largest amount of business did considerable shipping to foreign points. Some factors held the cotton here in Galveston for three or four months for better prices, but some would ship to other points." When asked, "What was the general custom of factors when a fair price could not be obtained or there was a heavy pressure in the market?" he replied in substance, "That when it could not be satisfactorily sold a large number of factors shipped to foreign points." And in response to the question, "What the general custom was?" said, "Some factors held the cotton and some shipped. There was no rule that he knew of."

The admission of this evidence over the plaintiff's objection is assigned as error. It is conceded that the custom of factors to sell only in the city market was fully established by plaintiff. But it is claimed that this evidence upon cross-examination was competent to show a departure from or exception to this custom, growing out of circumstances that some factors shipped cotton to a foreign point when satisfactory sales could not be made in Galveston because of a pressure in the market. The evidence certainly did not disprove the existence of the custom of the factors to sell cotton only in the Galveston market. This had been fully established by the witnesses Moody, McAlpine, Skinner, and Runge himself.

The language of Associate Justice Gaines upon a former appeal is peculiarly applicable. "He does not say that factors had adopted a rule of shipping cotton abroad; that their customers knew this and acquiesced in it. Nor does he testify to any other facts from which it would be presumed that the consignors of the cotton knew that such rule prevailed." 67 Texas, 494. It was calculated to impress the jury with the idea that they might infer from it that notwithstanding the instructions given by plaintiff to Duble & Wootters to sell only in the city of Galveston they could lawfully ship it through Kaufman & Runge to a foreign market, if satisfactory prices could not be obtained owing to a heavy pressure in the

market.   That some factors shipped to a foreign point under these cir-
cumstances could not make a transaction valid which otherwise was con-
trary to law.   This was not the contract arising from the relations ex-
isting between plaintiff and his factors implied by law, and it was in
direct violation of the contract shown by the evidence of the express
directions given by the plaintiff to his factors to sell the cotton in Gal-
veston and not to ship the same abroad.

It is well settled in this State and in this case that "cotton factors such
as were Duble & Wootters had no authority as such by law or in the ab-
sence of direct or special instructions from the consignor to deal with
cotton consigned to them in any way for their own benefit, nor could
they ship it to a foreign point for disposition; and one receiving it from
them for that purpose is responsible to the owner for its value.   Persons
dealing with them are charged with notice of the extent and limitation
upon their powers, and the burthen of proving the factors' authority is
upon the party dealing with them."   Kaufman v. Beasley, 54 Texas, 568;
Wootters v. Kaufman, 67 Texas, 492.

That the testimony referred to was admitted upon cross-examination
would not make competent evidence which for the reasons stated would
be incompetent and inadmissible.   The court having held that the evi-
dence was not admissible to establish any custom, should have excluded
it entirely, as it had no tendency to prove any other issue in the case and
was calculated to mislead and confuse the jury.

The court charged the jury in substance "that if the plaintiff gave
Duble & Wootters authority to deal with the cotton as they pleased or to
make any disposition of it they wished, then defendant would not be lia-
ble," etc.   The grounds of objection raised to this charge are that the
pleadings of the defendant nowhere alleged that Duble & Wootters had
any special authority from plaintiff to ship said cotton or any power over
it other than as factors and commission merchants under the general
usages of trade, and that there was no evidence tending to show that
plaintiff had ever authorized said Duble & Wootters to make any disposi-
tion of said cotton except to sell the same in the Galveston market for
plaintiff's benefit; that the uncontradicted evidence was that plaintiff
repeatedly gave express directions to said Duble & Wootters to sell said
cotton only in the market of Galveston, and not to ship the same to some
foreign point.

The answer of the defendants, containing the averments sufficiently
broad it is claimed to admit proof that plaintiff had authorized Duble &
Wootters to use and dispose of the cotton as their own, was in effect
"That plaintiff sent the cotton to Duble & Wootters to sell, ship, or other-
wise dispose of as they (the said Duble & Wooters) might think proper for
their interest, in the usual course of business and according to the custom
of the trade."   And further, that said "Duble & Wootters held themselves

out as the owners of said cotton with the knowledge and consent of plaintiff," etc.

The facts which are claimed to be sufficient to justify the inference that plaintiff authorized his factors to dispose of or use as their own the cotton consigned to them are that when the plaintiff first began to ship cotton to them he instructed them that it should be sold only in the Galveston market; these instrutions were repeatedly given. He wrote them to the same effect in 1873, but kept no copy of the letter. Shipped during the season 400 or 500 bales. Drew bills that were accepted by Duble & Wootters for $8000 or $10,000, maturing at different times, and which were paid until their failure. Plaintiff sent them checks on Ball, Hutchings & Co. for $1000, because he was informed they (Duble & Wootters) were hard pressed; wished to help them along. Plaintiff was holding his cotton at 14½ cents. Consulted with his brother J. H. Wootters, partner of Duble, when he knew Duble & Wootters were needing help in October, 1873. Told them they could use his (plaintiff's) real estate until he could make collections. Shipped cotton to the house after hearing it was hard pressed, both plaintiff and his brother, with a view to help them along.

It may be, we think, conceded that the allegations of the defendants' answer were sufficiently broad as a predicate for the admission of testimony that plaintiff had authorized Duble & Wootters to use and dispose of the cotton as they pleased or as their own. But whether the pleadings authorized it or not, we are of opinion that the testimony in its strongest aspect in behalf of the defendants does not support the inferences or fairly warrant the deduction that any such authority was given by plaintiff or intended to be given to Duble & Wootters to dispose of the cotton in any other manner than for plaintiff's benefit. Nor can we see anything in the evidence tending to qualify the explicit and repeated instructions of plaintiff to his factors to sell the same in Galveston.

The only specific property offered by plaintiff with a view to aiding Duble & Wootters was his real estate. The evidence of Moody, McAlpine, Skinner, and Runge are in full accord, showing the established custom among factors to sell cotton consigned to them in Galveston unless expressly authorized otherwise by the owner.

We are of opinion that the objection to that part of the charge set forth in the assignment of error is well taken, because there was no testimony tending to support this defense or which could be reasonably construed to have this effect. The uncontradicted evidence upon this branch of the case repudiates this theory.

The eighth assignment of error that the verdict is not supported by the evidence is also well founded. The ownership of the cotton by the plaintiff; its shipment to Duble & Wootters, cotton factors and commission merchants in Galveston, with instructions to sell the same in that mar-

ket for the benefit of plaintiff; its value and quality; the general custom, in the absence of instructions to the contrary, among such factors to sell the same for the consignor's benefit in Galveston and not to ship it abroad; the delivery of this cotton to the defendants Kaufman & Runge by the said factors in consideration of advances to them; its exportation by the defendants to Melley, Forget & Co., of Liverpool, England, and all the facts essential to establish in law a wrongful conversion of the property by the defendants, were established, which fixed their liability to plaintiff.    Kaufman v. Beasley, 54 Texas, 568, and Wootters v. Kaufman. *supra.*

In view of the disposition made of the assignments mentioned above we have not deemed it necessary to consider others which are presented.

We are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 26, 1889.