## STATE OF IOWA V. GUSTAV HAMANN, Appellant.

**Seduction:** CLERICAL ERROR IN INSTRUCTIONS: *Harmless error.*
Where the trial court charged that, in order to constitute seduc-
tion, the sexual intercourse must have been induced through
some false promise or "artifice"by which the prosecuting wit-
ness·was deceived, the fact that in defining "seduction," in the
same paragraph, the court inadvertently stated that there must.
have been some "artificial" or false promise, was not prejudi-
cial to defendant.

**Cumulative Instructions:** REQUESTS. A requested instruction which·
contained. only matter covered by the charge of the court was·
was properly refused.

*Appeal from Lyon District Court.*—HON. GEORGE W..
WAKEFIELD, Judge.

### WEDNESDAY, APRIL 10, 1901.

THE defendant was convicted of the crime of seduction,.
and appeals from the judgment thereon.—*Affirmed.*

*Parsons & Riniker* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van
Vleck,* Assistant Attorney General, for the State.

SHERWIN, J.—The trial court instructed in the lan--
guage following in one of its paragraphs: "The exact
amount or kind of seductive arts necessary to constitute se-
duction cannot be defined, but there must be some artificial
or false promise or flattery or deception by which the vir--
tuous female is induced to surrender her person to the ac-
cused. * * * Seduction may be made out by the prac-
tice of arts, or by flattery, or by deception, or by false repre--
sentations. You will consider all the facts and circumstances·
in evidence, and determine therefrom whether the alleged

sexual intercourse between defendant and said Martha M. C. Bauer was in fact induced or brought about by any false promise, flattery, or artifice, by which she was deceived." Complaint is made of the use of the word "artificial." In the opinion written in this case when here on a former appeal, 109 Iowa, 646, this word was used in what purported to be a literal quotation from *State v. Fitzgerald,* 63 Iowa, 269, and was plainly so used by inadvertence; for it is not found in that case, and was substituted for the word "artifice." It must be conceded that it is not as direct and certain in its meaning as the latter word, and we do not approve its use in place thereof. But it does not follow that it was prejudicial in this case, as the court, further along in the same paragraph of its charge, told the jury, in effect, that seduction was not proven unless the sexual intercourse was induced by "false promise, flattery, or artifice, by which she was deceived. Then, again, one of the universal definitions of the word "artificial" is "artful," subtle, crafty, and ingenious—so nearly like that of "artifice" that an attempted "distinction would be without a difference." Nor does any presumption arise that the jury would give the word used a meaning foreign to the subject-matter before it; and, indeed, we are inclined to the view that, as used, it was suggestive of the definition we have already given, and if so there certainly was no prejudice. The word "artifice" has many definitions, but no one will claim that a jury would misunderstand the sense in which it was used in a seduction case. There was no error in refusing the instructions asked by the defendant. The court covered the case fully and fairly in its own charge, and submitted the issue therein to the jury. The verdict finds ample support in the evidence, and the judgment is AFFIRMED.