BEARDSLEY and another, Appellants, vs. SCHMIDT and another, Respondents.

*January 13—February 2, 1904.*

*Factors: Principal and agent: Sales by factor: Real party in interest: Trustee of express trust.*

1. "An agent employed to sell, or to purchase and sell, goods or other personal property intrusted to his possession, for commission, is a factor."

2. It is not essential to the relation of an agent to his principal in respect to the latter's property, that it should have been consigned directly to him by such principal, in order to give such agent the status of a factor. It is only necessary that the agent shall be possessed of the property with authority from the principal to sell the same on commission.

3. By common-law principles a factor has a special property in goods intrusted to his care and in the proceeds of a sale thereof, from which, by implication, arises authority to sell the property in his own name, and to likewise sue to recover the purchase price.

4. As between a factor and his vendor, the former is the owner
of the subject of the sale and real party in interest to sue to·
recover the purchase price, that not being affected, necessarily,
by whether the name of the principal is disclosed to the vendee·
before the sale, or the terms of the sale are submitted to the·
principal for approval, or the sale is in fact made in the name
of the factor.

5. A factor or person possessed of the goods of another and au-
thorized in respect thereto to make a contract for the benefit
of his principal, is trustee of an express trust under sec. 2607,
Stats. 1898, and authorized thereby to enforce it in his own
name, whether so made or not, such statute expressly provid-
ing that he shall be such trustee if the contract is *made with
him* or in his own name.

6. Whether the right of a factor to sue in his own name be re-
ferred to common-law principles or the statute mentioned, the
principal may control the litigation, saving the rights of the·
factor, unless the latter's legitimate charges against the sub-
ject of the action exceed the amount recoverable.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Douglas·
county: A. J. VINJE, Circuit Judge. *Reversed.*

Action to recover the purchase price of a quantity of ce-
ment claimed to have been sold by plaintiffs, as factors, to·
defendants. The defendants answered, among other things,
that plaintiffs were not the real parties in interest. The
cause was disposed of wholly on that issue. The evidence
in respect to the matter was to this effect: Plaintiffs, as·
warehousemen, received the cement from the Eastern Min-
nesota Railway Company at West Superior, Wisconsin.
Walter T. Bradley & Co., of Philadelphia, were the owners
thereof. Some time subsequent to the commencement of
plaintiffs' possession of such property, they ratified the for-
mer's employment as warehousemen, and paid storage
charges on such property. The business of plaintiffs, in
part, was that of commission merchants. Some time after
they took the property as warehousemen, the owners author-
ized them by letter to find a market for the cement, and to·

dispose of it in large lots if possible, otherwise in small quantities, and to account to such owners from month to month. Some time thereafter such owners informed plaintiffs by letter that their idea was that the latter should take the cement for sale on commission, with authority to use their own judgment as to the best obtainable price. Thereafter defendants made an offer to plaintiffs for the cement, and were informed that it would have to be submitted to the owners. It was so submited, resulting in such owners advising plaintiffs by telegram to accept. The two letters and the telegram referred to constituted all the authority plaintiffs had to make the sale. The name of the owner of the cement was not disclosed in the negotiations leading up to the sale, nor in the consummation thereof. After the telegraphic advice aforesaid, plaintiffs accepted defendants' offer and thereafter the cement was delivered to them in three lots, each being receipted for to plaintiffs in their own names. Thereafter the goods were billed to defendants in plaintiffs' name as the creditors. At the commencement of this action there was owing to plaintiffs their charges for storing the cement for a considerable period of time, and for selling the same.

At the close of plaintiffs' evidence defendants moved the court to dismiss the complaint. Thereupon the court made findings in accordance with the foregoing, and decided thereon that plaintiffs were not the real parties in interest in respect to the claim involved, and were not entitled to maintain the action, and that defendants' motion for a dismissal of the action with costs should be granted. Judgment was ordered accordingly, and was so rendered.

For the appellants there was a brief by *Luse, Powell & de Forest,* and oral argument by *L. K. Luse.*

For the respondents the cause was submitted on the brief of *Archibald McKay.*

MARSHALL, J. This appeal is governed by a few familiar principles. The trial court seems to have decided the case upon the theory that since appellants were agents for the owners of the cement in making the sale, the latter are the real parties in interest to enforce payment for the property by judicial proceedings. Counsel for respondents concedes that if appellants were factors and exercised the implied authority incident to such character to sell the property, and made the sale in their own names, they are the real parties in interest to enforce collection of the indebtedness. That has often been ruled by this and other courts, and, indeed, is elementary, and that too without the element, necessarily, of a sale in the name of the factor. *Price v. Wisconsin M. & F. Ins. Co.* 43 Wis. 267; *McGraft v. Rugee,* 60 Wis. 406, 19 N. W. 530; *Edgerton v. Michels,* 66. Wis. 124, 26 N. W. 748, 28 N. W. 408; *Kellogg v. Costello,* 93 Wis. 232, 67 N. W. 24; *Delafield v. Smith,* 101 Wis. 664, 78 N. W. 170; *McCobb v. Lindsay,* 2 Cranch, C. C. 215, Fed. Cas. No. 8,704; *Graham & Co. v. Duckwall,* 8 Bush, 12; *Miller v. Lea,* 35 Md. 396; *Hearshy v. Hichox,* 12 Ark. 125; 8 Ency. Pl. & Pr. 829; Mechem, Agency, § 1039; Story, Agency, § 112; Reinhard, Agency, § 453. This implied authority of the factor to sell in his own name and to maintain an action in his own name to recover the purchase price grows out of the fact that the nature of the relations between the principal and the agent, and the latter and the purchaser, are such that, as between the two latter, the agent is deemed to be the owner of the property. He has, as against his principal, in the absence of some stipulation to the contrary, a special interest therein and the proceeds thereof, and the right to control the same till he receives his compensation for services rendered in respect thereto. Story, Agency, § 111. He is also, as to the principal, deemed to be a trustee of an express trust under the provisions of the statute (sec. 2607, Stats. 1898; Reinhard, Agency, § 453; 8 Ency. Pl.

& Pr. 829, note 1; *Wolfe v. M. P. R. Co.* 97 Mo. 473, 11 S. W. 49; *Considerant v. Brisbane,* 22 N. Y. 394; Bliss, Code Pl. 59), and as such is authorized to sue for the purchase price by the exception to sec. 2605, Stats. 1898. Sec. 2607, Id., provides:

"A trustee of an express trust . . . may sue without joining with him the person for whose benefit the action is prosecuted; a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

In either case the principal can control the litigation if he sees fit, subject to the due protection of the factor's special interest, unless such interest, consisting of legitimate charges against the property, or the proceeds thereof, are equal to or in excess of the amount recoverable. Reinhard, Agency, § 453; 12 Am. & Eng. Ency. of Law (2d ed.) 691. It is not essential to the right of the factor to sue in his own name that he shall sell in his own name, as counsel seems to think, basing his faith on *Price v. Wisconsin M. & F. Ins. Co.* 43 Wis. 267. It is there said: "A factor selling goods for his principal in his own name, can sue in his own name for the price," citing Story, Agency, § 110. That text of Story contains no such restriction,—in fact contains nothing about the right of the factor to sue in his own name. It seems it was inadvertently referred to in a way likely to mislead. What the author says on the subject is contained in sections 34, 11, 110, 111, and 112, and is to the effect that a factor has implied authority to sell in his own name and to sue in his own name for the purchase price of the property sold, subject, however, to the right of the principal, as before stated, to control the litigation if he sees fit, so far as his own interest is concerned. The right to sue is not put in the conditional in Story; neither is it in the cases decided by this court since *Price v. Wisconsin M. F. Ins. Co.*

*supra; Edgerton v. Michels,* 66 Wis. 124, 26 N. W. 748, 28 N. W. 408; *Kellogg v. Costello,* 93 Wis. 232, 67 N. W. 24. By force of the statute alone, as we have seen, a factor has the right to sue in his own name. That appears sufficiently from the plain language quoted. Moreover, that is the meaning attributed to similar statutes elsewhere, as will be seen by referring to the cited cases. That is not referred to in the previous decisions of this court, except in *Robbins v. Deverill,* 20 Wis. 142, where nothing definite was said. Since that case was decided it has become well recognized that the code provision had for its purpose, in part, the preservation of the old practice as to factors. Bliss, Code Pl. 59. It must not be understood that a factor is a trustee of an express trust in the strict sense of the term. He is such under sec. 2607, Stats. 1898, because there in effect so declared. That subject will be found fully discussed in *Considerant v. Brisbane, supra.*

If it was essential to the right of plaintiffs to sue in their own names that they should have sold in their own names, it seems that the evidence in the record is conclusive in their favor. The owners of the property were not mentioned in the negotiations leading up to the sale, nor in the consummation thereof, while the names of appellants were used on every occasion for using the name of any one on the side of the sellers.

The only question left to be determined, in any view, is: Did appellants handle the property as factors? A factor is said to be "an agent employed to sell or to purchase and sell goods or other personal property intrusted to his possession, . . . for a compensation commonly called factorage or commission." *McGraft v. Rugee,* 60 Wis. 406, 19 N. W. 530. "An agent who, for a commission, sells goods for his principal, which the latter has consigned to him." Reinhard, Agency, § 449. That seems to accurately describe the situation of appellants in respect to the property in question,.

beyond reasonable controversy. True, it was received by them from the railway company, but they were brought into contractual relations with the owners thereof thereafter, and acted by express authority from the latter, "to take and handle the property on commission." The fact that respondents' proposition to purchase the property was not acted upon by appellants without submitting the same to the owners of the property for approval is without significance. Possession of the property, with authority to sell it in the capacity of commission merchants, made them factors, with the implied authority incident thereto, and also made them trustees of an express trust with the right to bring this suit, regardless of whether they received the property directly from the owners, or whether the sale was required to be made upon approval of the owners, or whether the same was so made, or whether they did or did not at the time of the sale disclose the names of the owners. *Ilsley v. Merriam,* 7 Cush. 242. As soon as appellants assumed in regard to the property the status of commission merchants, they acquired a special interest therein which was increased by the continuance of their possession and their services in making the sale, giving them the right, within all the authorities, to bring this action and to control the litigation, since there is nothing to indicate that such control is contrary to the wishes of the owners of the property. It follows that the judgment appealed from must be reversed.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.