GADSDEN COUNTY TOBACCO COMPANY, a Corporation under the laws of the State of Florida, *Appellant*, v. ARTHUR CORRY, *Appellee*.

137 So. 255.

Division B.

Opinion filed October 21, 1931.

*Watson & Taylor,* of Quincy, for Appellant;

*O. J. Clayton, J. Baxter Campbell,* of Quincy, and *Waller & Pepper,* of Tallahassee, for Appellees.

DAVIS, J.— This cause originated in the Circuit Court of Gadsden County, Florida, by the filing of the bill of complaint by Arthur Corry against The Gadsden County Tobacco Company, a corporation, praying for the foreclosure of a chattel mortgage originally given to the Quincy State Bank and subsequently assigned to Corry.

On final hearing the trial court entered its decree in favor of the complainant and against the defendant decreeing the foreclosure of the mortgage in question for a balance of $3763.07, as principal and interest to the 15th day of February, 1929, awarding solicitor's fees to the complainant, and providing for the sale of the mortgaged property. From this decree the defendant has appealed.

A detailed discussion of the particular facts of this case would serve no useful purpose. It is sufficient to say that the principal contention between the parties is

whether or not the mortgage in question has been dis-charged. The record shows that the mortgagee Corry acted for the mortgagor, The Gadsden County Tobacco Company, as agent, for the sale of a certain crop of tobacco. Sales of tobacco were made from time to time by Corry, and it is the contention of The Gadsden County Tobacco Company that if these sales had been properly credited that the proceeds realized by Corry, which should have been realized by him during the course of his dealings with tobacco he had in hand, were more than enough to have completely discharged the mortgage by payment under the respective duties and obligations which existed between The Gadsden County Tobacco Company and Corry by reason of the nature of their mutual relationship and transactions which occurred thereunder.

After a full hearing the chancellor entered his decree in favor of the complainant. This ruling of the chancellor who tried the cause is presumed to be correct and the burden is upon the appellant to make it clearly to appear that the rulings of the chancellor are erroneous, or the decree will be affirmed. Smith v. Hollingsworth, 85 Fla. 431, 96 So. 294, and cases cited.

In the accounting which was taken between the mortgagor and mortgagee, it appears that the chancellor disallowed the mortgagor credit for a sale of tobacco made by Corry to Hernshein Tobacco Company aggregating $2300.00, of which $1415.20 was tobacco of the mortgagor defendant. It appears from the record that after this sale of tobacco was made to Hernshein Tobacco Company that said company went into the hands of Federal Court receivers for the purpose of being reorganized and refinanced. In order to promote this reorganization and refinancing a meeting of the creditors of Hernshein Tobacco Company was called. Corry, without consulting The Gadsden County Tobacco Company, went to this creditors' meeting and agreed to take a series of notes payable to

himself for the purchase price of tobacco owned by The Gadsden County Tobacco Company, by another producer and by himself, all treated as one account. These notes were without interest and were to become due over a long period of years. Corry never turned these notes, or any one of them, over to The Gadsden County Tobacco Company, or offered or tendered them to The Gadsden County Tobacco Company. Yet he appears to have charged back against the Gadsden County Tobacco Company on his account with that company the sum of $1415.20, represented by the uncollected sales price of that company's tobacco which he had sold to the Hernshein Tobacco Company about the time it went into the hands of the receivers. The chancellor, in dealing with the case in the court below, appears to have upheld and allowed this item as one properly charged back against The Gadsden County Tobacco Company under the circumstances.

It appears from the record that Corry was acting as factor in the sale of tobacco for The Gadsden County Tobacco Company. A factor is one whose business is to receive and sell goods for a commission. He differs from a broker in that he is intrusted with the possession of the goods to be sold and usually sells in his own name. He is invested by law with a special property in the goods to be sold and a general lien upon them, and their proceeds, for his advances; and, unless there be an agreement or usage to the contrary, he may sell upon a reasonable credit. Sinclair v. National Surety Co., 132 Iowa 549; 107 N. W. 184; Turner vs. Crumpton, 21 N. D. 294; Ann. Cas. 1913C, 1015; Beardsley v. Schmidt, 98 N. W. 235, 120 Wis. 405; 102 Am. St. Rep. 991.

A factor, like other agents, possessed that implied and incidental authority which is reasonably necessary and proper for the execution of his undertaking, and which is usually exercised by factors under like circumstances, and is not forbidden. As in the case of brokers, the law reg-

ulating the transactions of factors is largely the outgrowth of commercial usage, and such usage is constantly appealed to in interpreting or defining their authority. 2 Mechem (2d Ed.) paragraphs 2501-2502. In the latter connection it was said in Bailey v. Bensley, 87 Ill. 556, by Sheldon, J.: "A person who deals in a particular market must be taken to deal according to the known, general and uniform custom of that market and he who employs another to act for him at a particular place or market must be taken as intending that the business will be done according to the usage or custom of that place or market whether the principal knew of the usage or custom or not."

It was formerly considered that a factor had no implied authority to sell upon credit, but the rule is now well settled (although it is undoubtedly contrary to the ordinary rule respecting sales by agents) that, in the absence of instructions or usage to the contrary, the factor, if he exercises reasonable care and prudence in the selection of a responsible purchaser, may sell the goods upon a reasonable term of credit. Walker v. Dubuque Fruit Co., 113 Iowa 428, 85 N. W. 614; 53 L. R. A. 775; Daylight Burner Co. v. Odlin, 51 N. H. 56, 12 Am. Rep. 45; Van Alen v. Vanderpool, 6 Johns (N. Y.) 69; 5 Am. Dec. 192; Hapgood v. Batchelder, 4 Metc. (Mass.) 573; Burton v. Goodspeed, 69 Ill. 237. Where, however, he is instructed to sell for cash only, or where the custom is not to grant credit, a factor has no implied authority to sell upon credit. Kauffman vs. Beasley, 54 Tex. 563.

A factor who has completed a sale for his principal, has, thereafter, ordinarily no implied authority to rescind the sale, or discharge the purchaser from its obligation. Smith vs. Rice, 1 Bailey (S. C.) 648. But where the principal consigns goods to the factor for sale where the custom exists to allow cancellation under certain circumstances, he cannot hold the factor responsible for acting in ac-

cordance with the custom, there being no instructions to the contrary. Charlotte Oil Co. v. Hartog, 29 C. C. A. 56, 85 Fed. 150.

A factor having sold goods upon a credit, his undertaking is executed and he has ordinarily no implied authority to extend the time for payment, nor has the factor implied authority to receive in payment anything but money, nor has the factor implied authority to bind the principal by making, accepting or indorsing negotiable paper. Emerson v. Providence Hat Co., 12 Mass. 231, 7 Am. Dec. 66; Guy v. Oakley, 13 Johns (N. Y.) 332; Kennesaw Guano Co. v. Wappoo Mills, 114 Ga. 776, 47 S. E. 205; Richardson v. Weston, 4 Mart. (N. S.) (La.) 244, 3 Condensed Ed. 286.

Under the foregoing rules of liability the complainant, Corry was chargeable with the loss of this account of Hernshein Tobacco Company, the amount of which he definitely fixed at the sum of $1415.20. The express agreement which had been entered into between The Gadsden County Tobacco Company which authorized Corry to extend credit and make adjustments cannot be construed as warranting Corry in going as far as he did with regard to the Hernshein Tobacco Company account in the absence of some ratification or approval thereof by The Gadsden County Tobacco Company, since the note taken by Corry to cover this account amounted to more than a mere extension of credit or an adjustment under the circumstances. Furthermore, the note was taken in Corry's name and embraced other accounts than that of The Gadsden County Tobacco Company. It likewise appears to have been taken not only for the purpose of adjusting and settling the account, but for the purpose of enabling the Hernshein Tobacco Company to re-establish itself and continue in business, thereby promoting the personal interest of Corry in preserving a useful customer with whom he apparently wished to continue to do busi-

ness in the future. The manner in which Corry handled the Hernshein Company account exceeded his authority as agent and he cannot charge the mortgagor with the loss incurred by him in such handling, which amounted to $1415.20.

Since the chancellor refused to allow this reduction of $1415.20 in connection with the accounting, the decree entered is erroneous to that extent and should be reduced by this amount, with interest from May 5, 1922, the date it was charged back, interest on the whole debt having been included in the final decree which included this item.

With regard to the sales to Snider and others, it does not appear that Corry's action in rescinding the sale under the circumstances shown by the record, construed in connection with his admitted authority to make prices, extend credits, make adjustments, etc., was such as to warrant us in reversing the conclusion of the chancellor allowing Corry to take credit for this item in the statement of the accounts between himself and Gadsden County Tobacco Company. This instance differs materially from that of the Hernshein account and is not ruled by the same principle that was there applied. Accordingly, we find no occasion to disturb the ruling of the chancellor which awarded this item against the Gadsden County Tobacco Company, and denied it as a credit on its account.

In all other respects it appears that the decree of the chancellor was warranted by the law and the evidence and that it should be affirmed. Accordingly, it is ordered that the decree of the court below be modified in the particulars above mentioned and that as modified the decree stand affirmed and the cause remanded for further proceedings according to equity practice.

Modified and affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., dissenting:—I think this decree should be affirmed because the transaction of Mr. Corry with the Hernshein Company was within his powers and discretion. That the transaction was for the best interest of the Company for whom he acted and he should be allowed in the accounting the item of $1415.20 which was allowed by the chancellor. The chancellor's findings have not been made to appear clearly erroneous in this regard.