MICHAEL V. WEBER, *et ux.*, v. MARY J. HARVEY, a Widow.

174 So. 5.

Opinion Filed April 17, 1937.

*Patterson, Blackwell & Knight* and *A. Y. Clement,* for Appellants;

*E. Clyde Vining,* for Appellee.

DAVIS, J.—This was suit in chancery filed under Section 5791 C. G. L., 3884 R. G. S., for the purpose of annulling a homestead exemption that had been set apart by the Sheriff of Dade County in favor of the defendant below, Michael V. Weber. The bill of complaint alleged the fact that on August 20, 1931, an attachment had been procured and

levied upon the land claimed, allowed and set apart as defendant's exempt homestead; that thereafter the main suit at law to which the attachment was incident, had proceeded to judgment and execution attempted to be effectuated against the attached land; that the complainant's execution had been rendered ineffective because of the Sheriff's allowance of the adversary party's claim to homestead exemption asserted in his capacity as defendant in execution,* in complainant's suit at law.

The decree below was for the complainant. It sustained the master's report and recommendations on the merits of the case as developed in the pleadings and established by the evidence, and granted complainant's prayer that defendant Weber's claim of homestead exemption under Article X of the Constitution to the land that had been levied on under the attachment, be set aside and annulled and the Sheriff commanded to sell the property to satisfy plaintiff's judgment.

The Master to whom the case was referred found in substance as follows:

That the defendant Michael V. Weber acquired the property in question as a furnished home in the year 1924 and had resided therein on an average of from four to six months out of each year since that time; that he is now and has been for many years, in co-partnership with his son, engaged in the real estate business in the City of Chicago; that he does now and has for many years likewise maintained a home in Chicago in an apartment building owned by his daughter but the furnishings in which belong to him; that in the year 1928 he registered and voted in the City of

*Presumably filed by Weber under Section 5783 C. G. L., 3876 R. G. S., after advertisement of defendant's alleged homestead for sale under the execution.

Chicago; that in 1932, 1933 and 1934 he qualified as a voter in municipal or State elections in Dade County, Florida; that the property described in the bill of complaint was not the homestead of the defendant Michael V. Weber and his wife on the 15th day of August, 1931, the time of the levy of the attachment thereon, and that said property is subject to the lien of said attachment and to the lien of the complainant's judgment, filed in evidence in this cause; that the Master's finding was based largely upon the fact that the defendant's business was entirely in Chicago; and that he had continuously maintained a home there; that as late as 1928 he qualified as an elector there; that in 1931, by deed acknowledged one day prior to the levy of the attachment, he conveyed said property to his daughter; that he never qualified as an elector in Florida until the year 1932, and that such admitted facts are inconsistent with the claim now advanced that said property was at such time and has continuously since such time been the homestead of the defendant Weber; that the equities were with the complainant and that she was entitled to the relief prayed for in her bill.

The cause on appeal has been voluminously briefed and most ably argued by counsel for the respective parties. It is sufficient to say, however, that when all is said and done respecting the conflicting views of the adversary litigants, the decision of the case by this Court turns on the proposition whether or not the final decree of the Chancellor, confirming the conclusions and recommendations of the Master on conflicting evidence, is so clearly wrong as to require its reversal under such authorities as Schmitt v. Bethea, 78 Fla. 304, 82 Sou. Rep. 817; Bankers Financing Co. v. Dya, 88 Fla. 45, 100 Sou. Rep. 804; Jones v. Jones, 119 Fla. 824, 161 Sou. Rep. 836; Newman v. Smith, 77

Fla. 633, 82 Sou. Rep. 236; Winton v. Stone, 107 Fla. 636, 145 Sou. Rep. 845, and cases cited therein, or its affirmance under the general rule that decree of Chancellor supported by substantial evidence will not be reversed on appeal. Sapp v. Warner, 105 Fla. 245, 141 Sou. Rep. 124; Gadsden County Tobacco Co. v. Corry, 103 Fla. 217, 137 Sou. Rep. 255; Dolan Properties v. Vonnegut, 117 Fla. 830, 158 Sou. Rep. 457; Fickling Properties v. Smith, 123 Fla. 556, 167 Sou. Rep. 42.

A careful study of the record disclosed such a state of the evidence that it cannot be justly said that the Master's and Chancellor's conclusions predicated thereon, as given legal effect in the final decree, are clearly wrong, therefore no reversible error has been made to appear and the final decree should not be disturbed.

The assignments of error based on the procedure before the Master and the admission of certain evidence over appellant's objection, have been considered, but no reversible error has been demonstrated in the rulings complained of, so the decree appealed from should be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.