WESTERN UNION TELEGRAPH COMPANY v. WILLIAM A. THOMPSON.

Decided February 16, 1898.

1. **Jury—When Demanded.**

Defendant in an appearance case in county court, which had been set for trial on the tenth day of the term, first demanded a jury and paid the fee on that day. The practice of the court was to demand juries on appearance day. When demand was made the jury had finished their business but were not yet discharged. Held, that it was not error to refuse defendant a jury.

2. **Secondary Evidence—Notice to Produce.**

Parol evidence of the contents of telegrams delivered to defendant, in a suit for delay in the transmission, was properly received; the rule requiring notice to produce originals does not apply where the instrument is the foundation of the action from the nature of which defendant must know that he is charged with its possession.

3. **Telegraph Company—Damages.**

A judgment for $700 for delay in delivering two telegrams to plaintiff whereby he was prevented from attending a brother's funeral, was not excessive.

APPEAL from Hamilton. Tried below before Hon. J. C. MAIN.

*Ramsey & Brown* and *D. W. Odell,* for appellant.

*Dewey Langford,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the appellee, W. A. Thompson, against the appellant, the Western Union Telegraph Company, for damages for failure to properly deliver the two following telegraph messages:

"Sweet Home, Texas, Nov. 27, 1896.—To Will Thompson, Hico, Texas: Your brother is dead, at one o'clock to-day. C. H. Thompson.

The other message is as follows:

"Bellville, Texas, Nov. 27, 1896.—To W. A. Thompson, Hico, Texas: Just heard by wire, Frank died, one o'clock to-day. R. W. Thompson."

C. H. Thompson, the sender of the first message, was the nephew of the plaintiff, and he paid the company for transmitting the message sent by him.

R. W. Thompson, the sender of the second message, was the brother of plaintiff and of Frank Thompson, the deceased, and paid defendant the charges for sending the message. The plaintiff lived at Hico, Texas, during the year 1896, and was a justice of the peace there, where he was well known. His office was fifty or sixty yards from the office of defendant, and the message, by the exercise of ordinary care, could have been delivered to him in time to have enabled him to reach Sweet Home and attend his deceased brother's funeral, which occurred on the next

day. By the failure of defendant's agents to exercise such care, neither of the messages were delivered to the plaintiff until the 28th of November, 1896, too late for him to be present at the funeral. He would have attended the funeral if the messages had been delivered in proper time.

*Opinion.*—There was no error in refusing the demand of defendant for a jury. The term of the court (County Court) began on the 5th of April, and the demand was not made until the 15th day of April. The cause had been set down for trial by agreement of the parties for the 15th day of April, 1897, and when the case was called on that day there were present in the jury box twelve regular jurors for the week, and before it was called for trial defendant deposited with the clerk a jury fee and requested the court to place the case on the jury trial docket. Counsel for defendant resided near Cleburne, Texas, 80 or 100 miles from the court. The suit was brought on the 9th day of February, 1897, and citation was served on defendant's agent on the 11th day of February, 1897, and this was the first term of the court succeeding the institution of the suit. On the 20th day of March, 1897, counsel for defendant instructed the agent of defendant at Hico, Texas, to demand a jury and pay the fee before or on appearance day of the term, which was the 6th day of April, 1897; the agent did not understand the request, "but wrote to them again, with regard to making the demand for the jury." On the 26th day of March, 1897, counsel for defendant again wrote the agent to take a jury in the case, and it was not done earlier, because the agent was inexperienced in the rules of the court and unlearned in the law, and believed he could take a jury on the day of trial. The court refused the demand for a jury and discharged the jurors in attendance and tried the case himself. The jury business for the week had been practically finished when the demand was made, and the court had informed jurors "that the docket would be completed on said day;" and many of the jurors had arranged for conveyance home. It had been a rule of the court to have jury demands made on appearance day, so that the service could be arranged with the least expense. The statute prescribes for appearance cases, that on the call of appearance cases the court shall note in each appearance case whether or not a jury trial is applied for and by whom, and that the party applying for such trial shall, in the county court, on the same day, deposit with the clerk a jury fee of three dollars. Sayles' Rev. Stats., arts. 3065, 3066; Rev. Stats. 1895, arts. 3193, 3194. In another preceding section of the statute it is provided that no jury trial shall be had in any civil suit, unless application therefor be made in open court and a jury fee deposited, or an affidavit made of inability to make such deposit as hereinafter prescribed. Rev. Stats. 1895, art. 3188; Sayles' Rev. Stats., art. 3060.

In view of the facts stated, that the jury docket had been practically disposed of, which shows that opportunity had been given by the court to demand trials by jury, and in view of the fact of the announcement of the court to the jury, and that many of the jurors had made preparations

to go home, and that defendant had been dilatory in its demand for a jury, for which no sufficient excuse had been shown, nor that plaintiff was in any manner responsible for the delay, it can not be said that the court erred. Defendant, under the circumstances, was not entitled as a matter of right to a jury at the time he demanded it and deposited the fee, having failed to comply with the statute, and there was no abuse of discretion by the court. Petri & Bro. v. Bank, 83 Texas, 426; Petri & Bro. v. Bank, 84 Texas, 154; Hardin v. Blackshear, 60 Texas, 132.

To have granted the demand at the time it was made would have interfered with the ordinary business of the court.

The court, over objections of defendant, permitted witnesses C. H. Thompson and R. W. Thompson to prove contents of the telegrams delivered by them to the agents of defendant at Sweet Home and Bellville, no notice having been given to defendant to produce the originals.

This was not erroneous. The rule that "notice must be given to the party charged with the custody of an instrument before secondary evidence of its contents can be used, does not apply in a case where the instrument is the foundation of the action and the party having such custody must know from the nature of the action that he is charged with its possession. The parol evidence was admissible." Lumber Co. v. Telegraph Co., 58 Texas, 394.

The telegrams received by plaintiff were in evidence, and were of the same purport as those shown by parol and those sued on. These copies delivered by defendant to plaintiff were admissible. Telegraph Co. v. Bennett, 1 Texas Civ. App., 560.

The testimony was sufficient to warrant the conclusion that defendant's servant was negligent, and by such negligence he failed to deliver the messages to plaintiff in such reasonable time as he could have done by the use of ordinary care, and that had he exercised such care plaintiff would have been present at his brother's funeral.

The judgment for $700 was not excessive, and it is affirmed.

*Affirmed.*