WESTERN UNION TELEGRAPH COMPANY v. F. M. RABON.

Decided March 26, 1910.

**1.—Telegraph Company—Death Message—Negligent Delay—Contributory Negligence.**

Where, in a suit against a telegraph company for damages for negligent delay in delivering a death message whereby the addressee was prevented from being present at the burial of her brother, and the defendant plead that the addressee was guilty of contributory negligence in not procuring and using a livery team by which means she could have reached the cemetery before the interment notwithstanding the delay in delivering the message, evidence considered and held sufficient to support a verdict finding in effect that the addressee was not guilty of contributory negligence.

**2.—Same—Mental Anguish—Charge—Assumption of Fact.**

Where it appeared from the uncontradicted evidence that the addressee of a telegram suffered mental anguish by not being present at the burial of her brother, it was not error for the court to assume such fact as proved in its charge.

**3.—Practice—Refusal of Charge.**

A special charge which, in grouping the facts, omits a material fact, is properly refused. And so, when the main charge fully covers the issue presented.

**4.—Mental Anguish—Verdict not Excessive.**

A verdict for $1,000 held not excessive nor necessarily the result of prejudice, sympathy or other improper motive in a suit for damages for delay in delivering a death message.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower, Sr.

*Geo. H. Fearons* and *Lewis & Austin,* for appellant.

*R. L. Sullivan* and *Llewellyn & Foster,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is an action by F. M. Rabon against the Western Union Telegraph Company to recover damages, laid at $1995, to his wife, in way of mental anguish occasioned by her failure to be present at the funeral and burial of her deceased brother, which failure it is alleged was proximately caused by the negligent delay on the part of defendant in the transmission and

delivery of a telegraphic message to another brother at Burnet, Texas. Defendant pleaded general denial and contributory negligence on the part of Mrs. Rabon.

Upon trial with the assistance of a jury there was a verdict and judgment for plaintiff for $1000. From this judgment, its motion for a new trial having been overruled, defendant appeals.

The facts as set out in the petition and established by the evidence are as follows: On April 27, 1908, appellee's wife, living then at Montgomery, Texas, received from her brother at Burnet, Texas, a telegraphic message informing her that another brother, Vol Taylor, residing near Burnet in Burnet County, was dead. On the same day Mrs. Rabon caused to be delivered to the operator of appellant at Montgomery, Texas, the following message addressed to W. W. Taylor at Burnet, Texas: "Will be there in morning on nine o'clock train. Mrs. F. M. Rabon."

No question is made as to the negligence of appellant in failing to transmit and deliver this message promptly to the addressee. The agent at Montgomery knew of the purpose of the message, to wit, to apprize W. W. Taylor that Mrs. Rabon would at once leave her home for Burnet in order to be present at her deceased brother's funeral. No issue is made as to this, and it is shown that if the message had been transmitted and delivered without negligent delay, W. W. Taylor would have received the same on the morning of the 28th before he left Burnet to attend the funeral of Vol Taylor, and would have taken steps to postpone the funeral, and would have met Mrs. Rabon at the train and taken her with him. Not having received the message, W. W. Taylor left his home at Burnet about 8:30 o'clock on the morning of the funeral to go to Vol Taylor's residence, about four miles distant from Burnet, and thence with the body to the cemetery about eleven miles further. Arriving at the house, he found that the funeral party had left for the cemetery, which was reached a little after 12 o'clock. The body was not buried until some time between 1 and 2 o'clock. The cemetery was fourteen miles from Burnet. Mrs. Rabon, with a gentleman companion, reached Burnet a little after 9 o'clock a. m. She at once went to the home of her brother, when her sister-in-law told her that her brother had left about an hour before she arrived. In discussing the matter of procuring a conveyance and going direct to the cemetery, Mrs. Taylor told Mrs. Rabon that it was the intention to bury the body as soon as practicable, and that she thought it was too late for Mrs. Rabon to reach the cemetery in time. Much evidence was introduced on this point, which was the only contested issue. It appeared that Mrs. Rabon could have procured a conveyance at a livery stable in town, by means of which she could have reached the cemetery in two and a half hours from Burnet, which would have been in ample time, as matters turned out, for her to have been present at the burial of the body.

The case turned upon the issue as to whether Mrs. Rabon acted as a person of ordinary care in relying upon the information she received from Mrs. Taylor, and in failing at once to procure a conveyance and proceeding to the cemetery. Taking the whole evidence

on this issue, we think it was sufficient to support the verdict of the jury that Mrs. Rabon was not guilty of negligence such as to bar her of recovery. She had no reason to anticipate from the information which she had a right to rely upon that the body would not be buried before she could get to the cemetery. Allowing a reasonable time to procure a conveyance after she got to her brother's house and to arrange for the journey, she could not have expected to reach the cemetery before 12:30 or 1 o'clock, and it was a reasonable inference for her to make that the body would be buried before that time. If there was, in fact, delay in the actual burial after the body reached the cemetery, as shown, she could not reasonably have anticipated this, in the circumstances. So far as her actions are concerned, they must be judged by the circumstances as they reasonably appeared to her at the time, and not as they afterwards turned out. Hence, we find as a fact, in deference to the verdict, that Mrs. Rabon was not guilty of negligence or want of ordinary care to avert the injury of which she complains.

The first assignment of error complains of the alleged error of the trial court in overruling appellant's motion for a new trial on the ground that the finding of the jury that Mrs. Rabon, after learning of appellant's negligence, used ordinary care to avert or lessen her damage, is against and not supported by the evidence, under which the proposition is stated that the finding of the jury is manifestly against the whole weight of the evidence. What we have said disposes of the assignment, which is overruled.

Appellant objects to the charge of the court in that it assumes that Mrs. Rabon suffered mental anguish on account of her failure to be present at the funeral of her brother and see the body before it was buried. If the charge complained of is susceptible, on the whole, to this objection, we think it does not, under the facts of this case, present reversible error. The evidence discloses a very close relationship between Mrs. Rabon and her deceased brother, and a warm affection of the two for each other, and a great desire on her part to be able to see him before the body was buried and to be present at his funeral. What else could have induced her to take the long night journey in great haste, for this purpose alone? In addition, there was positive testimony, uncontradicted, of her grief arising from her failure to do so. The court carefully instructed the jury that she could not recover on account of her grief at her brother's death. We think there was no error in the charge. The third assignment of error presenting the point is overruled.

Appellant requested a special charge marshalling the facts upon which it relied to show want of ordinary care on the part of Mrs. Rabon in the matters hereinbefore referred to, with an instruction to the jury that if they found these facts to be true and that Mrs. Rabon was guilty therein of want of ordinary care, appellee was not entitled to recover. This charge was refused and the refusal is made the basis of the fourth assignment of error.

The charge requested is objectionable in that it omits the most essential facts with regard to this issue, that is, the information Mrs. Rabon received, and upon which she seems to have acted, that it was

too late and that she could not reach the cemetery in time for the burial. The charge of the court upon this issue was full and is not objected to in any way. We think there was no error in the refusal of the requested charge.

It is objected, by the second assignment of error, that the verdict and judgment for $1000 are excessive.

In view of the whole evidence and the previous decisions in this State, we do not feel authorized to declare that the amount of the verdict shows that it is not the result of a fair and impartial consideration of the evidence by the jury, but of prejudice, sympathy or other improper motive. (Western U. Tel. Co. v. Trice, 48 S. W., 770; Western U. Tel. Co. v. Thompson, 18 Texas Civ. App., 279 (44 S. W., 402); Western U. Tel. Co. v. James, 31 Texas Civ. App., 503 (73 S. W., 79); Western U. Tel. Co. v. Simpson, 73 Texas, 422.)

We find no ground for reversal and the judgment is affirmed.

*Affirmed.*

Writ of error refused.