TEXAS & NEW ORLEANS RAILROAD COMPANY V.
AMANDA J. TATMAN.

No. 827.

1. **Master and Servant—Personal Injury—Negligence—Rules of Railroad Company.**—In an action for damages for the death of an employe of a railroad company, claimed to have resulted from its failure to provide suitable rules and regulations for the conduct of its business, a book containing its rules and regulations is admissible to show either the absence of such rule as should have been made, or to show that one or more of such rules did apply and had been violated, or that provisions were made for other cases wherein the risk was similiar, and which by proper care and foresight ought to have been made.

2. **Fellow Servants—Construction of Statutes—Different Departments.**—T. was a foreman or conductor of a yard or switch engine, having under his control three or four men whose business was the moving of cars about the yard in making up and breaking up of trains. There was another foreman in control of another engine and crew in the same yard, whose duties were of like character, and both were under the immediate supervision and control of the yardmaster. Injuries were received by T., resulting in death from a car left standing on the track by the other crew, for repairs by the car repairer. *Held:*

1. That such crews of men were fellow servants, within the fellow servants act.

2. That the yardmaster was a vice-principal, and that the car repairer, if belonging to a different department, was not a fellow servant.

3. That if the evidence should show that the negligence of those employes who were not fellow servants co-operated with that of the fellow servants to cause the death of T., the defendant company would be liable.

3. **Practice—Rules of Supreme Court—Costs.**—Where all the evidence of the witness just as detailed and taken down by the stenographer was contained in the statement of facts, it is contrary to the rules of the Supreme Court, and the costs of copying the statement of facts in the record was taxed against the appellant.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*O'Brien & O'Brien,* for appellant.—1. The court erred in admitting, and permitting to be read in evidence in said cause, rules 38, 43, 98, 99, 103, 104, and 105 of the Texas & New Orleans Railroad Company, and in permitting the same to remain before the jury, over the objection of defendant (appellant). Said rules were irrelevant and inapplicable to the case before the court, because the caption whereunder said rules were found, the terms thereof, and the testimony of witnesses therewith adduced, show that they were not applicable to switch-yard work, wherein said injuries, if any, were received by John R. Tatman, but applied to passenger and freight trains running in the traffic of the company on its main line.

2. The verdict of the jury was contrary to the evidence in this case, in that the whole testimony applicable under the law of fellow servants showed that John R. Tatman and W. J. Holzinger were fellow servants, under the proper construction of the statute in such cases made and provided; and that he, Holzinger, as well as John R. Tat-

man, contributed by their negligence, to the collision, and that such negligence was proximately and directly the cause of the death of said John R. Tatman, and therefore that the defendant company is not in anywise responsible therefor.   Railway v. Berry, 67 Texas, 238; Railway v. Willie, 53 Texas, 319; Laws 23d Leg., 1893, p. 120.

*Greer & Greer,* for appellee.—1.   It was competent for the plaintiff under the allegations of the petition, to prove any and all rules of defendant company, or the absence of rules, relative to the use of lights as signals, either by the printed book of rules, promulgated by the defendant company, or by the person cognizant of the rules.   .

2.   Any servant of a railway corporation, under the Act of 1893, who is intrusted by said company with authority of superintendence, control, or command, or clothed with authority to direct any other employe of the company, is not and can not be a fellow servant with any other employe of the company.   Gen. Laws 23rd Leg., p. 120.

3.   If it were conceded that Tatman and Holzinger were fellow servants, then, where the negligence of the yardmaster and car inspectors or repairers, combined with the negligence of a fellow serv-' ant, causes an injury from which death results, the master is liable. Railway v. Cummings, 106 U. S. (16 Otto), 702; Huff v. Railway, 100 U. S. (10 Otto), 213; Faven v. Sellers & Co., 39 La., 1011; same case, 4 Am. St. Rep., 256, and authorities cited; Railway v. Durham, 49 Texas, 181; Railway v. Kermore, 78 Texas, 294; Railway v. Putnam, 1 Texas Civ. App., 142; Nix v. Railway, 82 Texas, 474; Railway v. Williams, 75 Texas, 4; Campbell v. Cook, 86 Texas, 630.

WILLIAMS, Associate Justice.—Appellee based her right to recover damages for the death of her husband, which occurred while he was in the employment of appellant, upon two grounds, viz., (1) that such death was caused by negligence of defendant in failing to have suitable rules and regulations for the conduct of its operations in its yard at Beaumont, to protect its employes against risks such as that to which deceased was exposed; and (2) that such death was caused by the negligence of servants of appellant who were not fellow servants of deceased, but were vice-principals of the defendant.

In the development of her first contention, appellee introduced in evidence a book containing the rules and regulations which had been adopted and published by appellant for the government of its employes, and especially called attention to certain ones which were supposed to bear more particularly upon the point under inquiry. The admission of these rules was objected to by appellant, on the ground that they had no application to such work as was being done at the time deceased was killed.   Most of these rules, from their own terms, appeared to have no such application, and all of the witnesses testified that none of them had reference to yard work at Beaumont, and that they were not in use there.   The ruling of the court admit-

ting the rules is assigned as error. The purpose in thus introducing the rules may have been, first, to show the absence, as alleged, of any provision such as ought to have been made to guard against such casualties as that in which deceased lost his life; or second, to show that one or more of the rules did apply and had been violated by the servants of appellant, and that they were thus guilty of negligence; or third, to develop that, if none of the rules applied specifically to the situation existing when Tatman was killed, still provision was made for others wherein the risk was similar, which, by proper care and foresight, ought to have been made to apply to such states of fact as that in question. If none of the rules made such provision against the risk imposed upon Tatman as the company, in the exercise of ordinary care, should have made, the omission could be made to appear by production of the rules, though the more direct and simpler mode of showing the absence of a rule is usually found in the testimony of those acquainted with the subject. On the other hand, if, when the rules were in evidence, any of them appeared to relate to such a situation as that under investigation, it was competent for either party to show that in fact it did not so apply, or that it was adequate or inadequate for the purpose. And if by any of the rules safeguards were provided against the dangers arising from conditions similar to those existing when Tatman was killed, which could have been extended so as to apply to the latter, this was a fact for the jury to consider in determining what could and what should have been done by the company to protect its employes, when engaged as Tatman was, when killed. We think, therefore, it was proper to inquire into all of the rules which bore upon the issues, as suggested, but in the trial below many of them were dwelt upon, which seem to us to throw no light upon the questions under investigation. Another trial can be conducted in accordance with these suggestions, without more specific mention of the numerous rules in the record.

The main question arises upon the charge of the court upon the subject of fellow servants. Tatman was foreman or conductor of a yard or switch engine, having under his control three or four men whose business was the moving of cars about the yard, the making up and breaking up of trains, etc. There was another foreman in control of another engine and crew in the same yard, whose duties were of like character to those of Tatman and his crew. Each was required to work at all points of the yard, and had equal rights, duties and privileges about the tracks in the performance of their work. Each was required to look out for the operations of the other, and guard against danger of collisions or conflicts. On the occasion in question, Tatman was riding upon the foremost platform of a caboose which was being pushed along the main track by his engine, when the caboose came violently in collision with a flat car, which had been left standing on the track by the other foreman and his crew, and his injuries were thus inflicted which caused Tatman's death. The night was

dark, the car stood at an unusual place, and no signal or warning of its presence was given by any one. One of the grounds on which plaintiff sought to recover was that Holzinger, the other foreman, was guilty of negligence, and that he was a vice-principal of appellant. The court gave to the jury, in the abstract, the provisions of the "fellow servants act" of the Legislature, and from the charge, as applied to the facts, the conclusion would be that Holzinger and Tatman were not fellow servants, because each was intrusted with superintendence and control of other employes. This we hold to be error. The proper construction of the statute is, we think, that a servant intrusted with superintendence and control over another is not a fellow servant with such other; but he may nevertheless be a fellow servant with employes over whom he has no such superintendence or control. Where there is no such superintendence or control by one over the other, the question depends upon other provisions of the act. The first section of the act furnishes the rule, where there is superintendence or command, providing that the superior is not a fellow servant with his subordinate, but is a vice-principal of the corporation. He stands in the relation of vice-principal of the corporation only to those who are under him.

The second section of the act provides affirmatively what employes are to be considered fellow servants, excluding all who do not come within the definition. They are defined to be "all persons who are engaged in the common service of such railway company, and who, while so engaged, are working together at the same time and place to a common purpose, of same grade." All not thus defined are declared not to be fellow servants. And of those who might otherwise fall within the definition given, the statute excludes those intrusted with superintendence or control over their fellow employes. As to these, the rule is declared by the first section, and the second section does not alter that rule, but simply excludes those subject to it from the definition given of fellow servants. The second section also excludes from its definition of fellow servants employes of the railway corporation engaged in different departments or service of such corporation. Tatman and Holzinger were in the same department of service, and the proviso of the statute just referred to does not apply to them. There may in some cases be difficulty in determining what are to be considered different departments of service within the meaning of the act. There has been much discussion of this question among the courts, some holding, that servants engaged in different departments are not fellow servants within the rule which exempts the master from liability to a servant for the negligence of a fellow servant, and others holding that they are. The latter view is generally held, because of the difficulty of defining on any definite principle the limits of such an exception to the general rule. The statute has not, in terms, undertaken to define what are to be regarded as different departments of service, and it is unnecessary for us to state any general rule on the

subject. In the case of Railway v. Ross, 112 United States, 389, it seems to be the opinion of the justice delivering the opinion of the court, though the point was not decided, that servants are in the same common service or department only when they are under the same immediate direction. An application of this test, which is as liberal to the servant as any that has been suggested, leads to the conclusion that Tatman and Holzinger belonged to the same department of service. They were both under the immediate supervision and control of the yardmaster, their common superior. But a servant may belong to the same department with another, and may not be subject to the superintendence or control of such other, and still, under the statute, he may not be a fellow servant of the other. He must not only be not embraced in either of the two exceptions expressly made by the statute, but he must come within the affirmative definition given of fellow servants.

The question then is, whether or not Holzinger and Tatman were working together at the same time and place, and to a common purpose. It is conceded that they were of the same grade. Both were engaged in moving cars about the yards. Holzinger and his crew were making up a train, and were moving the cars from the main line to the switch, when the key of a drawhead broke and the drawhead pulled out, and some of the cars were left standing on the main track, and some of them, with the engine, on the switch track. They had been thus standing for two or three minutes when the collision occurred. Holzinger and his crew were waiting for the car repairer to replace the key, which work, the evidence shows, required only a few minutes. Tatman was also moving cars, intending to pass through the switch to the same siding that was being used by Holzinger. We think they come within the definition given by the statute of those to whom the rules, established by the courts as to the liability of the master to his servant for negligence of a fellow servant, are still to apply. Each of them being required to do the same kind of work, in the same yard, and at all parts of the yard, and it being therefore necessary for each to observe and take cognizance of the movements of the other, both the language and reason of the statute make them fellow servants. The doctrines of law which have heretofore obtained on the subject of the master's liability to one servant for the negligence of another, are not entirely abrogated by the statute. The principle is admitted still to have a limited application; and within the limits prescribed for its operation, the case in hand is brought both by the language and spirit of the law. We are therefore of the opinion that the charge, which stated the law otherwise, was erroneous. There are allegations in the petition charging that the yardmaster was guilty of negligence which contributed to Tatman's death. In order that we may not be misunderstood, we will add, that if there should be evidence tending to show that the yardmaster, who had superintendence and control of Tatman, was, in the exercise of such superintendence and control,

guilty of negligence which helped to produce the collision, he would not be considered a fellow servant, but a vice-principal of defendant. Nor do we mean to say that the car repairers were fellow servants of Tatman. The evidence as to that is somewhat indefinite, but they may belong to a different department. If the evidence should show that negligence of those employes, who were not fellow servants, co-operated with that of fellow servants to cause the death of Tatman, defendant would be liable.

We notice an error in the charge which is not assigned, but which should be avoided on another trial. It is the instruction, in effect, that defendant would be liable for the negligence of its servants, who were also fellow servants with Tatman, if "defendant knew that such agents and servants were negligent and careless." There was no case presented by the evidence in which defendant would be liable for negligence of Tatman's fellow servants, and the charge did not correctly state the rule, if there had been. The plaintiff's right to recover depends upon proof either of negligence on the part of defendant in failing to provide suitable rules and regulations, or of negligence on the part of some employe or employes, who were not in a legal sense fellow servants.

In order to properly see the applicability of the charge to the evidence, it has been necessary for us to read the statement of facts, in which the evidence of the witnesses is set out at length, containing repeated statements, not only by different witnesses, but by the same witness, of facts about which there is no controversy. Had the parties complied with the rules, the facts to be considered on this appeal could have been stated in a small space. The practice of stating all of the evidence, just as it is detailed by the witness and taken down by the stenographer, is becoming so common, and causes the useless consumption of so much time, that it may be proper to find some method of exacting a compliance with the rules of the court upon the subject. For the present, we content ourselves with taxing the cost of copying the statement of facts into the record against the appellant.

*Reversed and remanded.*

Delivered May 2, 1895.