WESTERN UNION TELEGRAPH COMPANY V. J. E. GUINN.

Decided May 14, 1910.

**1.—Telegraph Company—Duty—Charge.**

In a suit against a telegraph company for damages for delay in the transmission and delivery of a message, charge of the court considered and held, when looked to as a whole, not subject to the objection that it imposed upon the defendant a greater degree of care than that required by law.

**2.—Same—Charge—"Reasonable Care."**

The expression "ordinary care" means no less than "reasonable care," and the use of the one instead of the other in the charge of the court in defining the duty of a telegraph company to transmit and deliver a message is not prejudicial error.

**3.—Same—Delay—Strike—Charge.**

Charge of the court considered in a suit against a telegraph company for delay in transmitting and delivering a message and wherein the company plead as a defense that strikers interfered with the operation of its lines, and held not subject to the objection that it permitted the jury to determine who was at fault in the strike.

**4.—Same—Negligence—Evidence.**

The evidence showed that the manager of a telegraph office pending a strike among the employees received without objection a message for transmission and delivery; that within thirty-five minutes thereafter it had been transmitted to a relay office; that the operator at the relay office, without making any effort to transmit the same by wire, forwarded the message by mail although he was not one of the strikers himself and no other operator on the line had refused to receive and forward the message; and that there were other lines not affected by the alleged strike over which the company might have sent the message. Held, the evidence was sufficint to support a verdict and judgment against the company for damages for negligent delay in delivering the message.

Appeal from the District Court of Hall County, Texas. Tried below before Hon. S. P. Huff.

*N. L. Lindsley, L. H. Mathis, J. H. Barwise, Jr.,* and *Charles C. Huff,* for appellant.—It is the duty of a telegraph company to use ordinary care in the transmission and delivery of messages intrusted to it for transmission. Western Union Tel. Co. v. McDonald, 42 Texas Civ. App., 229; Western Union Tel. Co. v. Stiles, 35 S. W., 76;

Hargrave v. Western Union Tel. Co., 60 S. W., 687; Western Union Tel. Co. v. True, 101 Texas, 236.

The telegraph company was only required to exercise ordinary care to overcome obstacles of the strike in transmitting and delivering this message, and the charge of the court requiring it to use reasonable care and diligence to overcome obstacles interposed (meaning strike interferences) and to forward such messages as promptly as reasonable diligence and care permitted and required, was misleading and placed upon the telegraph company a higher degree of care than required by it under the law. Louisville & N. R. Co. v. Queen City Coal Co., 4 Am. & Eng. R. R. Cases, (N. S.), 389; Gulf, C. & S. F. Ry. Co. v. Levi, 76 Texas, 342; Galveston, H. & S. A Ry. Co. v. Gatewood, 79 Texas, 95; International & G. N. R. Co. v. Tisdale, 74 Texas, 17; Hamilton v. Western N. C. R. Co., 96 N. C., 398.

The telegraph company was required to exercise ordinary care in the transmission and delivery of the message intrusted to it, and was not required under the law to employ other means for the transmission and delivery of this message, than its own wires and delivery lines. Same authorities.

Where in a suit against a telegraph company the defendant pleads as a reason of failure to promptly deliver a message that its lines were interrupted by strikers, and there is testimony tending to raise this issue, it was error for the court to charge the jury that they would find for the plaintiff, unless they found that the interruption and delay was not caused by the negligence of the defendant; thus permitting the jury to determine the question of whether or not the telegraph company or the strikers were wrong in the matter of the strike, and allowing them to return a verdict against the defendant on such a finding. International & G. N. R. Co. v. Server, 3 Texas Civ. App., 536; Missouri Pac. Ry. Co. v. Levi, 14 S. W., 1062; Southern Pac. Ry. Co. v. Johnson, 15 S. W., 122; International & G. N. R. Co. v. Hynes, 3 Texas Civ. App., 20.

Carrier need not show that strike was not caused by it:—Pittsburgh R. Co. v. Hollowell, 65 Ind., 188; Lake Shore Ry. Co. v. Bennett, 89 Ind., 457; Hamilton v. Western N. C. Ry. Co., 96 N. C., 398.

A telegraph company is not liable for damages on account of delay in transmitting and delivering a message advising a jarty of the serious illness of a son, where the delay was caused by the unlawful act of strikers and strike sympathizers. Gulf, C. & S. F. Ry. Co. v. Levi, 76 Texas, 342; Gulf, C. & S. F. Ry. Co. v. Gatewood, 79 Texas, 95; International & G. N. R. Co. v. Hynes, 3 Texas Civ. App., 20; International & G. N. R. Co. v. Server, 3 Texas App. Civ., 536; International & G. N. R. Co. v. Tisdale, 74 Texas, 17; Hamilton v. Western N. C. R. Co., 96 N. C., 398; Empire Co. v. Philadelphia Ry. Co., 77 Fed., 926.

*Rich & Thorne* and *R. W. Hall,* for appellee.—"Ordinary care" and "reasonable care" are synonymous terms and may be used interchangeably in instructions to juries; also, "ordinary diligence" and "reasonable diligence" are likewise synonymous terms. Spaulding v. Metropolitan St. Ry. Co., 107 S. W., 1049; Black v. Chicago, B. & Q. Ry.

Co., 46 N. W., 428; Baltimore & Ohio Ry. Co. v. Faith, 51 N E., 807; Chicago, B. & Q. Ry. Co. v. Yorty, 42 N. E., 64; Nolan v. New York & N. H. Ry. Co., 4 Atl., 106; Taylor v. City of Ballard, 64 Pac., 143; Illinois Cent. Ry. Co. v. Noble, 32 N. E., 684; Tompert v. Hastings Pavement Co., 55 N. Y. Supp., 177.

In defining the duty or degree of care and diligence required of a telegraph company in the transmission and delivery of messages, the entire charge should be looked to for a correct statement of law. Western U. Tel. Co. v. McDonald, 42 Texas Civ. App., 229; Fordyce v. Culver, 2 Texas Civ. App., 569.

Where a telegraph company is seeking to avoid liability because of a contract against liability where delay is caused by "unavoidable interruptions of its lines," it is proper and right that the court should call upon the jury to find whether or not the interruption was the fault or negligence of the company. Gulf, C. & S. F. Ry. Co. v. Levi, 76 Texas, 342; International & G. N. R. Co. v. Server, 3 Texas App. Civ., sec. 441.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit to recover damages, alleging that on the first day of October, 1907, one Leonard Depauw, acting for the plaintiff, delivered to the defendant at Wichita Falls for transmission to plaintiff at Memphis, Texas, the following message: "J. E. Guinn, Memphis Texas. Come tonight; Hugh is no better. Ann Guinn." That said telegram was delivered to the defendant and the charges of twenty-five cents paid to, and accepted by the defendant for the transmission of the message; that the plaintiff resided in the town of Memphis at the time the message should have been delivered, and could have been there found had the message been transmitted with reasonable diligence and reasonable effort put forth to deliver the same; that the defendant negligently failed to deliver the said message until the third day of October, 1907; that Ann Guinn, whose name was signed to the message, was the wife of the Hugh Guinn referred to therein, and that said Hugh Guinn was the son of the plaintiff, who or some time prior to the date of the message had been sick in Wichita County, and that said message was sent to plaintiff to notify him of the serious condition of said son; that the sickness of said son resulted in his death within a few days after the date of the said telegram, and that on account of the delay in the delivery of the message, the plaintiff was deprived of seeing his son alive, and only reached Wichita Falls in time for his burial.

The defendant answered by general demurrer, special exceptions, the general denial, plea of contributory negligence, and specially that if there was a delay in the delivery of the message, it was by reason of unavoidable interruption in the working of defendant's lines between Wichita Falls and Memphis, Texas, caused by the wrongful, unlawful, and disloyal acts of a large number of defendant's employees and their sympathizers, who, both openly and secretly, in violation of law and their duties, were constantly grounding or opening defendant's wires so that messages could not be transmitted over them, which condition had existed for weeks before and existed for weeks after the alleged delivery to defendant's agents at Wichita Falls, of the message in ques-

tion, and which defendant had used ordinary and extraordinary care to prevent and remedy, but had been wholly unable to do so. The trial resulted in a verdict and judgment in appellee's favor for the sum of seven hundred and fifty dollars.

Omitting formal parts, the court thus submitted the case:

"Gentlemen of the jury:—You are instructed as to the law of this case as follows:

"1st. Where a telegraph company receives a message for transmission and agrees to do so for the charges made for the same, the law implies that it will transmit and deliver the same within a reasonable time. What is such reasonable time is not susceptible to definition, further than to say, that it is such time as a man of reasonable diligence and prudence would require for the transmission of his own message under the same or similar circumstances. And a failure to use such diligence would constitute negligence on the part of the telegraph company so receiving such message, as above stated.

"2nd. If you shall find from the evidence that Leonard Depauw as agent for the plaintiff, on October 1st, 1907, delivered to the agent of the defendant at Wichita Falls, Texas, a message directed to the plaintiff, J. E. Guinn, at Memphis, Texas, purporting to be signed by Ann Guinn to the effect following: 'Come tonight; Hugh is no better,' and that said Depauw delivered the same to the defendant's agent, and which was accepted by said company, to be transmitted to the plaintiff, and that the person referred to was the son of plaintiff, who at that time was seriously sick at Wichita Falls, and who afterwards died; and you find that the defendant company, by such message, was informed of its importance, and that it was urgent that it be delivered with diligence, and that if it had been transmitted with diligence and delivered to plaintiff, he could and would have gone to his son, and could and would have seen him and been with him before his death; and you find that the company did not with diligence, transmit and deliver the message until it was too late for plaintiff to see his son before his death, and that by such delay plaintiff was deprived of being with his son before his death; and you find that the message was delivered to the plaintiff too late for him to see his son before his death, and such delay was negligence on the part of the defendant company, and from which plaintiff was caused to suffer mental distress and anguish, because of the fact of his inability to see his son before his death, and be with him in the hour of his death, you may then find for him such damages as will reasonably compensate him for such mental anguish suffered by plaintiff, by reason of his failure to see his son before his death, and be with him at the time of his death. It is for you to say from all the facts and circumstances before you in evidence what sum will reasonably compensate the plaintiff for the mental suffering and anguish he has endured thereby, if any; but you can not assess any damages against the defendant as a punishment of said company for negligence, if any, but only such sum as will reasonably compensate plaintiff for his mental suffering, if any, by reason of his failure to see his son before his death.

"3rd. You are instructed that all that can be lawfully required of a telegraph company in respect to the transmission and delivery of a

message is, that it shall exercise reasonable care to forward and deliver same promptly. There is no absolute duty resting on a telegraph company in the transmission and delivery of messages within what is, under ordinary circumstances, a reasonable time, when the action of men acting unlawfully, such as strikers and the like, interferes with the transmission of messages over its lines through no fault on its part. Its only duty under such circumstances, if not otherwise at fault, is to use reasonable care and diligence to overcome the obstacles interposed, and to forward such messages as promptly as reasonable diligence and care permit and require.

"If, therefore, you believe that there was an unusual delay on the part of the defendant in the transmission and delivery of the message in question, but that such delay was caused, as pleaded by the defendant, by strikers among its employees or sympathizers, and that defendant exercised reasonable diligence and care to overcome the obstacles interposed by such strikers and sympathizers, and that said delay was not caused by the doing or the omission to do on the part of defendant, anything which a reasonably prudent man would have done, or would not have omitted to do, as the case may be, under the same or similar circumstances to facilitate the transmission and delivery of his own message, you will then find in defendant's favor on this issue.

"4th. If you shall find that at the time Depauw delivered the message to defendant's agent at Wichita Falls, Texas, he was informed by the agent of the strike condition and of defendant's probable inability to promptly transmit and deliver the same to plaintiff; or if you find that Depauw knew of such strike condition and that there were difficulties in getting the message through, and that there were other and different methods of getting word to plaintiff of his son's condition in time for him to have been present with his son before his death, and you find that an ordinarily prudent man would have, under the same or similar circumstances, sought such other methods to send word to plaintiff, and that Depauw's failure to find some other method of communication contributed to plaintiff's failure to be present before his son's death; then if he so contributed, you can find no damages for plaintiff for the mental distress and anguish he suffered, if any, by reason of defendant's failure to properly transmit or deliver the message, or which resulted by reason of Depauw's failure to get the message to plaintiff.

"5th. In this case, if you find there was a written contract on the telegram which Depauw sent to plaintiff, that the defendant was not to become liable for any damages whatever, in case of a delay arising from unavoidable interruptions of the working of said telegraph company's line; and if you find that there was an unreasonable delay in the transmission of the message, and you find that there was an unavoidable interruption of the defendant's telegraph lines and that such interruption caused the delay, if any, and that such interruption was not the fault or negligence of the defendant, then, under said contract and facts, if you so find them, you should find for the defendant.

"6th. The burden is on the plaintiff to prove the material allegations of his petition by a preponderance of the evidence. You are the exclusive judges of the credibility of the witnesses, of the facts proven,

and of the weight to be given to their testimony, but for the law of the case, you will look alone to the charge of the court."

By assignments of error directed to the first, second and third clauses of the court's charge and to the refusal of the court to give a special instruction, appellant insists that the court imposed upon appellant a greater degree of care than that required by law. Looking to the charge as a whole, we do not think it subject to the criticism urged. Appellant insists that its only duty was "to use ordinary care in the transmission and delivery of messages entrusted to it for transmission." True, the court seems to have used the expression "ordinary care," but no higher degree of care than reasonable care, was imposed and we fail to find any material or prejudicial distinction between the terms. Ordinary care can mean no less than reasonable care, and appellant, at all events, was certainly required to exercise reasonable care to perform the duty it undertook to do.

The fifth clause of the court's charge is objected to as permitting the jury to determine the question of who was at fault in the strike. This construction seems rather strained, and we think it altogether improbable that the jury adopted it or was misled thereby, particularly in view of the third section of the court's charge which in effect required, without reference to the causes of the strike, a finding for appellant in event it exercised reasonable diligence and care to overcome obstacles imposed by strikers and sympathizers.

There are numerous exceptions to the court's rulings which relate to the evidence, but we find no prejudicial error in these respects. The offered testimony of appellant's manager at its Memphis office, to the effect that a short time before the receipt of the message in question at Wichita Falls, he had in his office an operator by the name of Platt, who refused to receive commercial messages, was properly rejected in view of the further testimony that at the particular time the message in question was received, and should have been delivered, that Platt was not then employed in the Memphis office, and that the office was supplied with operators ready and not shown to be unwilling to receive any message. The evidence of Depauw that he inquired of the agent at the Wichita office on the day after the delivery of the message, and was told that it had "gone through," was at least admissible on the issue of contributory negligence made by appellant's contention that in view of the strike, other avenues of transmission should have been adopted by Depauw, the agent of the plaintiff. Depauw's statement to appellant's manager at Wichita Falls during the pendency of the suit to the effect that he and Ann Guinn had nothing to do with bringing the suit, was wholly immaterial and therefore properly rejected. The plaintiff's testimony to the effect that, when at Wichita Falls a short time previous to the delivery of the message, he requested the wife of Hugh Guinn to keep him, plaintiff, informed as to Hugh Guinn's condition was properly admitted on the issue of Depauw's agency. So, too, we think plaintiff was properly permitted to testify that the last time he had heard from his son was on the Saturday previous to his death on the following Thursday. This information was by letter received at Memphis, and tended to show appellee's presence in that town, which is combatted in the appellant's contentions.

Moreover, it seems but a part of the transaction which, together with other circumstances, tended to show appellee's state of mind and consequent distress, when deprived of the privilege of seeing his son before death. Nor do we find error in the action of the court in overruling the objection to the testimony of Depauw, to the effect that on October 3rd, he sent from the Wichita office telegrams to Cleburne and Rising Star, and received answers thereto. The testimony of the manager at the Wichita office tended to show that because of the strike conditions of which Depauw knew, commercial telegrams at the time stated could not be transmitted, and Depauw's testimony was in rebuttal and evidently admissible as tending to contradict the manager's evidence.

The only remaining assignment is one complaining of the action of the court in overruling the motion for a new trial, the principal contention being, that the evidence fails to show that the appellee was in Memphis at the time the telegram should have been delivered, and that, therefore, no diligence on appellant's part would have been availing, but we think the record sufficient to sustain the verdict and judgment on this, as well as other points. Plaintiff testified that he, at the time, was a resident of Memphis; that between the first and third of October, he twice a day called for mail with the hope of hearing from his son, and there is nothing in the testimony indicating that he was at any other place.

The evidence also, we think, supports the verdict and judgment on the issue of appellant's negligence. It seems undisputed that the manager of appellant's office, without objection, received the message at Wichita Falls; that within thirty-five minutes thereafter it had been transmitted to the relay office at Dallas, where it seems that an operator mailed the message, instead of transmitting it over the wire. This operator testified that he was not one of the strikers and fails to show any effort on his part to forward the message by wire, or that any operator along the line anywhere between Dallas and Memphis refused to accept or transmit. Moreover, the evidence shows that there were other lines not affected by the alleged strike over which appellant might have sent the message. At all events, it can not be said that the verdict and judgment are unsupported.

It it accordingly ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.