**WESTERN UNION TELEGRAPH CO. v. HICKS.**

No. 7677.

Court of Civil Appeals of Texas. Austin.
Feb. 24, 1932.

Rehearing Denied March 16, 1932.

death of his wife. This message was received at Georgetown at 10:50 a. m. on the same day. The agent there inquired of the telephone company and at the post office for J. H. Hicks, and, according to the agent's testimony, the latter informed her that letters addressed to J. H. Hicks had been sent to J. R. Hicks in the country; and the agent then telephoned to Mrs. J. R. Hicks in the country near Georgetown, and asked her if the message was for her husband. The agent testified that Mrs. J. R. Hicks replied that her husband was not at home, but, when he came, she would find out if the message was for him and let appellant's agent know. Mrs. J. R. Hicks and Mrs. Alpha Montgomery testified that Mrs. Hicks told appellant's agent that J. R. Hick's mother had been dead for several years. No other effort was made to deliver the telegram, and appellant's agent did not again call either Mr. or Mrs. J. R. Hicks over the telephone to learn if the message was for him. In the afternoon of the day the message was sent a son of appellee called at the Brownwood office of appellant and inquired if the message had been delivered to appellee, and was told by appellant's agent that delivery had been made, and, relying upon the truthfulness of this information, appellee's children made no further effort to communicate with him. Appellee had been in Georgetown about a month and a half working at a hotel when his wife died, and was so engaged on the date of the message. He had received letters addressed to him with no other address than Georgetown. During the time he had lived there, he was known to and acquainted with and had traded with merchants in the same block with appellant's office. Appellee did not hear of the death of his wife until six or seven days after her death and burial, and did not see the message involved until a few days later, when he called at the office of appellant at Georgetown, where it was shown him. If the message had been delivered any time during the day it was received at Georgetown, appellee could have taken a train, or could have gone by automobile, and reached Brownwood in time to have attended the funeral beginning there, and then gone with the remains and attended the burial at Evant.

Francis R. Stark, of New York City, and Coleman Gay and Hart, Patterson & Hart, all of Austin, for appellant.

J. B. Robertson, of San Antonio, and Dan Moody, of Austin, for appellee.

BLAIR, J.

Appellee sued appellant for mental anguish damages resulting from the failure of appellant to deliver appellee a telegram notifying him of the death of his wife, thereby depriving him of attending her funeral; and on a jury trial recovered judgment for $2,000; hence this appeal.

This is the second appeal of the case. On the former appeal (253 S. W. 565) a judgment for $2,800 in favor of appellee was affirmed by the Court of Civil Appeals, but was reversed and the cause remanded (265 S. W. 381) by the Commission of Appeals, because of the failure of the trial court to submit a requested issue on contributory negligence.

On the whole, the evidence is the same as on the former appeal. Briefly, it shows that appellee's wife died in Brownwood, Texas, and that within a few minutes a telegram was filed with appellant at Brownwood for transmission, addressed to appellee at Georgetown, Tex., notifying appellee of the

Propositions 1 and 2 present the question of whether the court erred in refusing appellant a continuance to meet an alleged new ground of recovery set up in appellee's second trial amendment, filed after the announcement of ready and shortly before the trial began. The nature of the pleadings leading up to the filing of the trial amendment is as follows: Appellee's first amended original petition, filed March 31, 1922, alleged that by the use of ordinary care and reasonable diligence appellant could have delivered the message within a few minutes

after it reached Georgetown; but that appellant failed to deliver it until about one week afterwards; that on the afternoon of the day the message was sent appellee's two sons inquired of appellant's agent at Brownwood if the message had been delivered, and the agent carelessly and negligently told them it had been delivered, when in fact it had not been delivered; and that appellant was negligent in failing to deliver the message and in failing to truthfully inform appellee's relatives that the message had not been delivered. In its first supplemental answer, filed February 16, 1931, appellant alleged, in substance, in reply to the allegation that its agent had untruthfully informed appellee's son that the message had been delivered, that its agent truthfully stated that she knew the message had been delivered, because, if it had not, the Brownwood office would have received a service message from Georgetown, advising that delivery had not been made, and that no such message had been received. This first supplemental answer was apparently in reply to a first supplemental petition filed by appellant on the same day, but not in the record. By his second amended supplemental petition, filed February 17, 1931, "in answer to the defendant's Third Amended Original Answer," filed on that date, February 17, 1931, appellee alleged that the negligence of appellant in giving out the false statement that the message had been delivered, and the negligence of appellant in failing to send a service message from its office at Georgetown to its office at Brownwood, and especially to the sender of the message, of the failure to deliver it, prevented the relatives of appellee from notifying him, either by telegram or otherwise, of the death of his wife, and prevented him from attending her funeral. Thereafter, on the same day, February 17, 1931, appellee filed his second trial amendment, abandoning a first trial amendment not found in the record, alleging in part as follows:

"Add to paragraph V of said amended original petition the following:

"That as indicating the defendant's belief as to the requirements of ordinary care in the case of death messages it has been unable to deliver, the defendant had at the time of the delivery of said message for transmission in force a general and uniform and long established rule, and custom amounting to such rule that upon failure to deliver such messages promptly, a service message should be sent immediately to the sending office announcing such non-delivery and asking for a better address and such service message immediately communicated to the sender. That plaintiff is unable to set out said rule in full because he does not know the wording thereof, but this information is within the knowledge of defendant."

Appellant then filed a motion for a continuance under oath, alleging that the second trial amendment set up a new ground of recovery, in that it sought to bind appellant under some character of rule or custom as to sending a service message notifying the sending office of the failure to deliver the telegram, that only appellant's officials in New York City knew whether appellant had any such rule or custom, and that a continuance was necessary in order to ascertain from such officials the facts. Appellee replied under oath, contesting the motion for a continuance, alleging that the rule or custom of sending a service message advising of failure to deliver the message had been long known to appellant, that the motion contained no allegation that there was any possibility of securing any testimony in regard to such rule or custom, and that the same evidence introduced on the former trial concerning the rule or custom would be offered on this trial, with probably the additional testimony of a local agent of appellant, giving his name and position with appellant, which evidence was also accessible to appellant.

The court did not err in refusing the continuance for the following reasons:

■ 1. The trial amendment did not set up a new ground of recovery based upon the rule or custom alleged, or upon any contractual obligation arising from failure to send a service message under the rule or custom, advising of the failure to deliver the telegram; but the rule or custom was merely pleaded as an evidentiary fact establishing the negligence of appellant to use ordinary care and reasonable diligence to deliver the telegram. Therefore evidence of the rule or custom would have been admissible if the trial amendment had not been filed, and such evidence was admitted without objection on the part of appellant. It was the same evidence as was admitted on the former trial, and held on the former appeal to have been properly admitted under the pleadings. (Tex. Civ. App.) 253 S. W. 565, 568.

■ The rule is settled that, where a petition charges common-law negligence, the existence of a custom is merely evidentiary to show lack of ordinary care, and need not be pleaded as such evidentiary fact. Kinney v. Metropolitan Ry. Co. 261 Mo. 97, 169 S. W. 23; Texas & N. O. Ry. Co. v. Tatman, 10 Tex. Civ. App. 434, 31 S. W. 333. See, also, Wootters v. Kaufman, 73 Tex. 395, 11 S. W. 390; 17 C. J. 518. It is also settled law that issues presented by trial amendment, and even passed upon by a jury, will not reverse a judgment, since no injury results. American Surety Co. v. Thompson (Tex. Civ. App.) 23 S.W. (2d) 820. No issue fixing liability or attempting to fix liability because of the rule and custom pleaded was submitted in the instant case. The law is further settled that,

where previous pleadings would have authorized the admission of all evidence that would have been admissible under the amended pleadings, it is not error to refuse a continuance upon the ground of surprise alleged to have resulted from filing the amended pleadings. Millers' Underwriters v. Green (Tex. Civ. App.) 237 S. W. 979, writ refused.

2. Neither the motion for a new trial nor the amended motion for a new trial filed some thirty-five days later show that, if the continuance had been granted, any evidence of the alleged rule or custom as to sending a service message, other than that adduced, could have been secured; and, in absence of such showing, the refusal to continue the case was not error. Commonwealth Co. v. Bryant (Tex. Civ. App.) 185 S. W. 979; Western Union Tel. Co. v. Johnsey, 49 Tex. Civ. App. 487, 109 S. W. 251; St. Louis Southwestern R. Co. of Texas v. McDermitt (Tex. Civ. App.) 175 S. W. 509; Western Union Tel. Co. v. Robertson, 63 Tex. Civ. App. 239, 133 S. W. 454; Merchants' Alliance v. Hansen (Tex. Civ. App.) 258 S. W. 257; Western Union Tel. Co. v. Graham (Tex. Civ. App.) 244 S. W. 579.

3. The trial amendment alleged no facts as to the rule or custom of sending a service message different from the facts pleaded by appellant in its first supplemental answer, in which it is alleged in substance that, in reply to the inquiry of appellee's son on the afternoon of the day the message was sent, the agent of appellant at Brownwood told him that she knew the telegram in question had been delivered, because, if it had not, the Georgetown office would have sent a service message, advising of the failure to deliver the telegram. The effect of this pleading is to plead the same rule or custom as was alleged in the trial amendment, and, since appellant pleaded the rule or custom, it necessarily knew of it. The evidence merely established this rule or custom as pleaded by both parties, and it was further established that the agent at Georgetown negligently failed to deliver the message and negligently failed to send the customary service message, advising that she had been unable to deliver the telegram to appellee.

Our above holdings also dispose of propositions 15 and 18.

Propositions 3, 4, 5, 6, and 7 present the question of whether the court erred in not sustaining appellant's several special exceptions to appellee's pleadings, and particularly to that portion of his trial amendment above quoted, upon the grounds that the allegations with respect to sending of a service message advising of failure to deliver the telegram were argumentative and stated the opinion and conclusion of the pleader, and that particularly was the portion of the trial amendment argumentative which alleged "that as indicating the defendant's belief as to the requirements of ordinary care" defendant did certain things concerning sending a service message advising of failure to deliver the telegram. Our above conclusions sustain the action of the trial court in overruling these special exceptions to the pleadings. That is, if the pleading of the rule or custom to send a service message upon failure to deliver a telegram as merely an evidentiary fact tending to establish want of ordinary care or a lack of reasonable diligence on the part of appellant to promptly deliver the telegram was error, it was harmless error; and this is especially true, in view of the fact that appellant also in effect pleaded the evidence of the same rule or custom. And, since the evidence was admissible under the other pleadings of appellee, it is immaterial that the trial amendment merely alleged the facts or the evidence that would be adduced establishing negligence.

Proposition 8 presents the question of whether the trial court erred in refusing to strike out the third paragraph of section IV of appellee's second amended supplemental petition, because not in response or reply to any defense, and not in explanation of any allegation contained in appellant's third amended original answer, and was therefore not a supplemental pleading, and was immaterial, irrelevant, prejudicial, and inflammatory, causing the jury to render excessive damages. We do not sustain the contention. Appellant pleaded contributory negligence with regard to the sender of the message failing to give a better address of appellee at Georgetown upon request of the agent at Brownwood. In reply, appellee alleged in the third paragraph of subdivision IV of his supplemental petition that on the afternoon of the day the message was sent his two sons, naming them, inquired at the Brownwood office if the message had been delivered, and the agent told them that it had; and that, by the negligent failure of the Georgetown agent to send a message to the sender of the telegram, advising of its nondelivery and asking for a better address, appellee's relatives were thereby prevented from notifying him of the death of his wife by telegram or otherwise, which they would have done but for the false statement that the telegram had been delivered. Manifestly the statement of appellant's agent in the afternoon that the telegram had been delivered was properly pleaded in reply to the allegations of contributory negligence that the sender of the message failed to give a better address of appellee; and therefore constituted proper supplemental pleadings. The following authorities cited by appellee fully sustain this conclusion: Western Union Tel. Co. v. Hicks (Tex. Civ. App.) 253 S. W. 565; Western Union Tel. Co. v. Guinn, 61 Tex. Civ. App. 177, 130 S. W. 616 (writ of error refused); Western Union Tel. Co. v. Erwin (Tex. Civ. App.) 147 S. W. 607; Western Union Tel. Co. v. Vance (Tex. Civ. App.) 151 S. W. 904;

Western Union Tel. Co. v. Davis, 24 Tex. Civ. App. 427, 59 S. W. 46, 47; Western Union Tel. Co. v. Davis (Tex. Civ. App.) 51 S. W. 258; Western U. Tel. Co. v. Saxon (Tex. Civ. App.) 138 S. W. 1091; Western Union Tel. Co. v. Martin (Tex. Civ. App.) 191 S. W. 192; Swan v. W. U. Tel. Co. (C. C. A.) 129 F. 318, 67 L. R. A. 153 and note; Postal Tel. Co. v. Nichols (C. C. A.) 159 F. 643, 14 Ann. Cas. 369, 16 L. R. A. (N. S.) 870 and note; Evans v. W. U. Tel. Co. (Tex. Civ. App.) 56 S. W. 609; Missouri, K. & T. R. Co. v. Wood, 95 Tex. 223, 66 S. W. 449, 56 L. R. A. 592, 93 Am. St. Rep. 834; Black v. Ry., 193 Mass. 448, 79 N. E. 797, 7 L. R. A. (N. S.) 148, 9 Ann. Cas. 485, Bresnahan v. Lonsdale (R. I.) 51 A. 624. It may also be noted in this connection that, if the matters complained of should have been submitted by an amended original petition, which we do not concede, the overruling of the special exceptions urging that these matters could not be presented by supplemental pleadings is harmless under the following authorities: Payne v. Boswell (Tex. Civ. App.) 241 S. W. 761 (writ of error refused); Merchants' Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859; Case Co. v. Bank (Tex. Civ. App.) 160 S. W. 662; First Nat. Bank v. Van Horn (Tex. Civ. App.) 2 S.W.(2d) 333; Britton v. Eagan (Tex. Civ. App.) 196 S. W. 972.

■ Proposition 9 presents the question of whether the court erred in refusing to strike out section V of appellee's second amended supplemental petition, because not responsive to any former pleadings by appellant, and therefore not permissible as a supplemental pleading. The pleading was brought forward from appellee's first amended supplemental petition, and was a plea in defense of appellant's plea of limitation by reason of a provision printed on the back of the telegram requiring that notice of the claim for damages must be presented within a certain number of days. The pleading also alleged facts as to when appellee learned of the death of his wife and when he first saw the telegram and his action after seeing the telegram; and was in reply to the allegations of appellant that its agent made every reasonable effort to promptly deliver the telegram. The limitation plea was determined against appellant on the former appeal, but we see no reason why appellee as a matter of precaution should not bring the pleading forward as against any renewal of the limitation plea, and we see no possible injury resulting to appellant because of the pleading, if not properly a supplemental pleading, which we do not concede.

■ Proposition 10 presents the question of whether the court erred in admitting testimony of the ill health of Mrs. Hicks for several years prior to her death, and of the ill health of other members of appellee's family at the time of and shortly after the death

of Mrs. Hicks, over the objections that such testimony was irrelevant, immaterial, and prejudicial, and tended to improperly influence the jury to find excessive damages. With reference to Mrs. Hicks, the testimony objected to was that of appellee to the effect that she had been in ill health some three or four years prior to her death, suffering from a leaky heart; that she was unable to do her own housework, and that she and appellee went to Brownwood and lived in the home of their married daughter; that for a year or more appellee ran a restaurant there, but was compelled to go elsewhere to find work, and left his wife with the daughter while he was working away from home, due to the fact that she could not go with him on account of her ill health. The bill of exception presenting this question is qualified by the trial judge to the effect that the testimony was admitted after appellant had interrogated the witness as to whether he had written letters to his wife while away from home, and after his children had testified to the number of letters passing between them and their father after he went to Georgetown and before his wife died, and after other testimony had been introduced as to the relations existing between appellee and his wife for a period of several years, the court concluding that, in view of questions of counsel and the other evidence, appellee was entitled "to show the relations existing between him and his wife and to offer testimony explaining why he was in Georgetown at the time of her death in Brownwood." We think the testimony was admissible for the reasons stated by the trial court. It is manifest that the purpose of the interrogatories by counsel was to show some character of estrangement between appellee and his wife, that they were not living together, and that appellee could not have been seriously affected by being deprived of attending her funeral, and in consequence not damaged. It is settled law that testimony showing the devoted relationship existing between appellee and his wife was admissible. Western Union Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Western Union Tel. Co. v. Lydon, 82 Tex. 364, 18 S. W. 701; Western Union Tel. Co. v. Carter (Tex. Civ. App.) 20 S. W. 834; Western Union Tel. Co. v. Campbell, 41 Tex. Civ. App. 204, 91 S. W. 312; Western Union Tel. Co. v. Gresham (Tex. Civ. App.) 223 S. W. 1052.

■ We are also of the opinion that, since testimony concerning the ill health of Mrs. Hicks and of the manner of her death was elicited from both appellee and his daughter by questions of counsel for appellant, it cannot complain of other testimony of the same nature cumulative of that elicited by it.

■ Nor do we think the court erred in admitting testimony of illness of appellee's daughter in explanation of why she did not

write him of the death of his wife until about one week after the funeral. This letter was the first notice appellee had of his wife's death, and by a second letter from this daughter, written in response to one appellee wrote her, appellee learned for the first time that the telegram in question had been sent-him; and, upon immediate inquiry at appellant's office, the telegram was shown him. How and when appellee received notice of his wife's death were pertinent to his cause of action against appellant for negligent failure to promptly deliver the telegram.

 Appellant also complains in this connection of testimony of the serious illness of another daughter, Mrs. Bowden, and of his son, Ves Hicks, being unable to get about on the day the message was sent, because of a recent serious injury. By special instructions the jury were told not to consider this testimony for any purpose, and the error complained of is that the injury done could not be withdrawn by the instructions to the jury. No reason is shown why the jury would not and did not obey the instructions; and there is nothing in the record which shows the jury were influenced in any manner by the testimony. The testimony was introduced in defense of appellant's plea of contributory negligence that appellee's agent failed to give a better address of appellee upon request of appellant's agent at the time the telegram was received for transmission. Appellant was further insisting on the trial and here that, since appellant's agent requested a better address, and since the evidence showed that appellee's sons and daughters were in Brownwood, the evidence indicated that, if the request for a better address had been complied with during the next three or four hours, the message would probably have been delivered in time for appellee to have attended the funeral of his wife. Counsel for appellee offered the testimony as reasons why some of appellee's relatives could not attend to the telegram, and requested or stated to the court at the time that the charge should limit the testimony solely to the question of contributory negligence pleaded by appellant. We are inclined to the view that the testimony was admissible in defense of the contributory negligence pleaded; and appellant is manifestly not hurt by the instructions directing the jury to disregard the testimony for any purpose.

Proposition 11 presents the question of whether it was error for appellee to testify that a daughter who preceded him as a witness resembled his deceased wife. The record presents no probable injury resulting from this testimony.

Propositions 12 and 13 present alleged error relating to the special issues submitting contributory negligence, which read as follows:

"3. Was the plaintiff's agent or agents who delivered said message to defendant's agent for transmission guilty of negligence in failing to give a more specific address of J. H. Hicks for the telegram delivered at Brownwood, Texas, for transmission to J. H. Hicks?"

"4. Did such negligence, if any, of said agent or agents who delivered said message to the defendant's agent for transmission at Brownwood, Texas, concur and co-operate with the negligence, if any, of the defendant, its agents, servants or employees, in causing a failure to promptly deliver the telegram to the said J. H. Hicks in time for him to attend the funeral of his wife?"

 The error urged by appellant to the special issues is that they limit the jury's consideration to the acts of the agent "who delivered the message to defendant's agent for transmission"; and that, in thus circumscribing consideration by the jury, the acts and omissions of appellee's relatives at Brownwood who were shown to have been appellee's agents in preparing the message and delivering it for transmission were excluded from consideration by the jury. The contention is not sustained. In the first place, appellant did not plead contributory negligence of any one except the person who delivered the message for transmission, and the issue clearly covered his acts. The person who delivered the message for transmission was not related to appellee, and it was of him that appellant's agent asked for a better address. He could not give any other than Georgetown, and the message was accepted and sent as above detailed. In the second place, the issues refer to the "agent or agents who delivered" the message, and were therefore broad enough to include the acts or omissions of any relatives of appellee who helped prepare and deliver the message for transmission, under the evidence adduced. In this connection, it was shown that several of appellee's children acted together in preparing the message, but that one person took it to appellant's office for transmission. Appellant was permitted to make full inquiry as to why those preparing the message did not give a better address, and full explanations were given. Only one of appellee's daughters knew his exact address in Georgetown, and she had not arrived from her home in the country near Brownwood, when the message was prepared and delivered to appellant. Also in this connection the evidence is undisputed that on the afternoon of the day the message was sent appellee's son inquired at appellant's Brownwood office if the message had been delivered, and was informed that it had been delivered. We therefore think the issues clearly authorized the jury to consider the acts of all who acted together in preparing and sending the telegram.

 By proposition 14 appellant contends that the court erred in submitting special issue No. 1, because it authorized the jury to

find appellant guilty of negligence for failure "to promptly deliver" the message, thereby excluding the fact that, if appellee's agents had given appellant a better address of appellee even three or four hours after the delivery of the message for transmission, it would have been in time for appellee to attend his wife's funeral. This was not error. The issue merely submitted negligence of appellant in failing to promptly deliver the message, and the matters which appellant claims were excluded from the jury's consideration related solely to appellant's plea of contributory negligence, which was submitted separately by the court.

By proposition 16 appellant contends that its general demurrer and special exceptions to appellee's petition should have been sustained, because it affirmatively appears in the allegations that appellee's wife died at Brownwood; that the telegram only notified him of her death; that she was buried at Evant; and that under the terms of the telegram appellant had no notice that she would be buried at Evant; and that appellant was therefore not liable for any damages caused by appellee's failure to attend the funeral at Evant, since such damages were not within the reasonable contemplation of the parties to the contract for transmission and delivery of the telegram. This question was presented on the former appeal of this case, and was decided adversely to appellant by the Court of Civil Appeals (253 S. W. 565). The Commission of Appeals reversed and remanded the cause solely for failure to give a requested issue on contributory negligence, without discussing the above question. 265 S. W. 381. The effect of this procedure was to affirm the decision of the Court of Civil Appeals on the question here presented; and therefore the decisions of the appellate courts on the former appeal are "the law of the case," and must be followed on this appeal. Houston Oil Co. v. Ainsworth (Tex. Civ. App.) 245 S. W. 760 (writ of error refused); Ewing v. Bain (Tex. Civ. App.) 257 S. W. 688; Missouri, K. & T. Ry. Co. v. Redus, 55 Tex. Civ. App. 205, 118 S. W. 208; Walker v. Gordon (Tex. Civ. App.) 275 S. W. 1093; Bain v. Pinson (Tex. Civ. App.) 19 S.W.(2d) 203; Lido Co. v. Waggoner (Tex. Civ. App.) 31 S.W.(2d) 154.

We are further of the opinion that appellant's proposition is not sound as an initial one. The mere fact that the funeral began at Brownwood and ended at Evant did not affect the right of appellee to recover the damages occasioned by the negligent failure of appellant to promptly deliver the telegram in question, under the evidence adduced on this trial of the case, which was the same as on the former trial. The evidence is undisputed that, if the telegram had been promptly delivered, appellee could have taken a train, or could have gone by automobile, and reached Brownwood in time to have attended the funeral beginning there and then gone with the remains and attended the burial at Evant. Western Union Tel. Co. v. Hicks (Tex. Civ. App.) 253 S. W. 565, 566; Id. (Tex. Com. App.) 265 S. W. 381; Smith v. Tel. Co., 104 Tex. 171, 133 S. W. 1041, 135 S. W. 1147; Western Union Telegraph Co. v. Winter (Tex. Civ. App.) 184 S. W. 335, 336 (writ of error refused); Western Union Telegraph Co. v. Ayers, 41 Tex. Civ. App. 627, 93 S. W. 199; Western Union Telegraph Co. v. Waller (Tex. Civ. App.) 47 S. W. 396.

Proposition 17 presents the question of whether the court erred in admitting testimony of a telephone conversation between Ves Hicks, talking from Brownwood, to an uncle at Goldthwaite, relative to meeting appellee there so that he might attend the funeral at Evant, over objections that the conversation was irrelevant, immaterial, hearsay, and prejudicial; and not made in the presence or hearing of appellant's agents, or with their knowledge. The bill of exception presenting the question was qualified by the trial judge as follows:

"The testimony in this case showed that the plaintiff, J. H. Hicks, was at Georgetown Texas, at the time of the death of his wife in Brownwood, Texas. The testimony further showed that a M–K–T passenger train left Georgetown, going toward Temple at about one-thirty p. m. on the date of the death of plaintiff's wife, and that by taking passage on this train plaintiff could have arrived at Temple in time to have taken the Santa Fé passenger train leaving Temple at about four o'clock in the afternoon and arriving at Brownwood about eight p. m. of the same date. The testimony further showed that if plaintiff had received notice of the death of his wife too late to have taken the first M–K–T passenger train from Georgetown to Temple, that he could have taken an automobile and reached Brownwood in time to have attended the burial of his wife, or he could have caught a later M–K–T passenger train out of Georgetown, making connection in Temple with the Santa Fé passenger train, and arriving in Brownwood at about eight-thirty a. m. of the day following his wife's death. The testimony showed that the remains of Mrs. Hicks were taken from Brownwood to Goldthwaite, and then to Evant for burial, and that the train upon which her remains were taken from Brownwood, left Brownwood before the second Santa Fé passenger train, mentioned above, would have reached Brownwood. The testimony showed that when plaintiff did not arrive in Brownwood on the first mentioned Santa Fe train that his children anticipating that he might come on the second train, telephoned to a relative in Goldthwaite and asked this relative to meet this second train and have plaintiff get off in Goldthwaite to await the arrival of his wife's remains as they were being brought from Brownwood to Goldthwaite. Goldth-

waite was shown to be a town on the Santa Fe Railway between Temple and Brownwood. The defendant was insisting on the trial of this case that the burden rested on plaintiff to show that if the telegram had been delivered to plaintiff within a reasonable time after it was filed with defendant company for transmission, that he could have, and would have, attended the funeral of his wife. And, this testimony was admitted to show one of the several ways that the plaintiff could have attended the funeral of his wife if he had received notice of her death, and as one of the several steps that were taken by his children, who had sent the telegram to him, to make certain that their father, the plaintiff herein, could and would attend the funeral of his wife."

■ In addition to showing the different ways appellee had of attending the funeral, we think the testimony shows the precautionary steps taken by appellee's relatives to secure his attendance at the funeral, thinking at the time he had received the telegram, which appellant's agent led them to believe had been delivered. The efforts were therefore clearly in aid of appellant, and we see no possible harm that could have resulted to appellant if the testimony was not admissible. The following cases, which are analogous on principle to the instant question, hold that conversations between a plaintiff and third parties as to delivery of a telegram were admissible to show the precautions taken to have prompt delivery of a telegram: Western Union Tel. Co. v. Hicks (Tex. Civ. App.) 253 S. W. 565; Id. (Tex. Com. App.) 265 S. W. 381; Western Union Tel. Co. v. Drake, 14 Tex. Civ. App. 601, 38 S. W. 632 (writ of error refused); Western Union Tel. Co. v. Johnsey, 49 Tex. Civ. App. 487, 109 S. W. 251 (writ of error refused).

■ Propositions 19 and 20 present the question of the excessiveness of the amount of damages allowed. We think there is nothing in the record to show that the jury were improperly influenced, or that they acted upon any improper motive in reaching their verdict. On the former appeal a verdict of $2,800 was held not excessive. The following cases hold that damages ranging from $1,200 to $2,150 for the complainants being deprived of attending the funeral of relatives were not excessive: Western Union Tel. Co. v. Hicks (Tex. Civ. App.) 253 S. W. 565; Western Union Tel. Co. v. Hardison (Tex. Civ. App.) 101 S. W. 541; Western Union Tel. Co. v. Kilgore (Tex. Civ. App.) 220 S. W. 593; Western Union Tel. Co. v. McDavid (Tex. Civ. App.) 121 S. W. 893, 894; Western Union Tel. Co. v. Rabon, 60 Tex. Civ. App. 88, 127 S. W. 580; Western Union Tel. Co. v. Parham (Tex. Civ. App.) 210 S. W. 740; Western Union Tel. Co. v. Piner, 9 Tex. Civ. App. 152, 29 S. W. 66;

Western Union Tel. Co. v. Johnson (Tex. Civ. App.) 218 S. W. 781; Western Union Tel. Co. v. Hill (Tex. Civ. App.) 162 S. W. 382; Western Union Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920.

We find no error requiring a reversal of the cause, and the judgment of the trial court is affirmed.

Affirmed.